508 P.2d 105

**The STATE of Arizona, Appellee,**

v.

**Albert Frank WITT, Appellant.**

**No. 1 CA–CR 478.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 3, 1973.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

OGG, Judge.

■ The question presented by this appeal is whether or not this defendant was denied his rights under the Fifth and Fourteenth Amendments to the United States Constitution when he received a maximum sentence without credit for 64 days of pretrial incarceration.

The defendant was charged with four counts of Credit Card Forgery in violation of A.R.S. § 13-1074; the maximum punishment on each count for this offense is five years. A.R.S. § 13-1649.

In a plea bargain the defendant entered a plea of guilty to one count and the State dismissed the remaining three counts. At the time defendant appeared for sentencing he had spent a total of 64 days in the Maricopa County Jail. The court suspended the imposition of sentence for three years and placed the defendant on probation. This probation was later revoked for good cause and the defendant was sentenced to prison for a 4 to 5 year term. The court gave the defendant credit for time served after he was arrested prior to his revocation hearing, but did not credit him with the 64 days incarceration served prior to his original release on probation. It is from this sentence that the defendant now appeals.

Defendant argues that to deny him such time credit amounts to serving two sentences and places him in double jeopardy.

The Arizona Statutes on sentencing pertinent to this case are as follows:

"§ 13-1652. Computation of term of imprisonment; intermissions

The term of imprisonment fixed by the sentence commences to run only upon actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins. If thereafter, during such term, the defendant by legal means is temporarily released from the imprisonment and subsequently returned thereto, the time during which he was at large shall not be computed as part of the term.

§ 13-1657. Suspending imposition or execution of sentence; revocation and termination of probation; discharge

\* \* \* \* \* \*

C. Upon the revocation and termination of the probation, the court may, if the sentence has been suspended, pronounce sentence at any time after the suspension of the sentence within the longest period for which the defendant might have been sentenced, but if the sentence has been pronounced and the execution thereof has been suspended, the court may revoke such suspension, whereupon the sentence shall be in full force and effect, and the person shall be delivered to the proper officer to serve the sentence."

■ The language of our statutes does not mandate a credit for pretrial incarceration. A sentence is not in fact imposed until after probation is revoked and the sentence time cannot start running before sentence is commenced.

The appellate courts of this State have repeatedly held that allowing a defendant credit for time spent on probation or in pretrial incarceration prior to revocation is discretionary with the trial court. State v. Kennedy, 106 Ariz. 190, 472 P.2d 59 (1970); State v. Van Winkle, 106 Ariz. 481, 478 P.2d 105 (1970); State v. Benton, 19 Ariz.App. 333, 507 P.2d 135 (Filed March 15, 1973); State v. Sanchez, 19 Ariz. App. 253, 506 P.2d 644 (Filed March 1,

**442**

1973); State v. Phillips, 16 Ariz.App. 174, 492 P.2d 423 (1972); State v. McFord, 13 Ariz.App. 273, 475 P.2d 758 (1970); In re Application of Johnson v. State of Arizona, 5 Ariz.App. 125, 423 P.2d 896 (1967).

We find there was no abuse of discretion in the sentence imposed by the trial court in this case as it was within the statutory limits and was not shown to be excessive.

This case was argued by the Office of the Public Defender of Maricopa County in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Leon, 104 Ariz. 297, 451 P.2d 878 (1969).

Under the requirements of A.R.S. § 13–1715, we have examined the record for fundamental error and find none.

The sentence of the trial court is affirmed.

DONOFRIO, P. J., and STEVENS, J., concur.