521 P.2d 1008

**STATE of Arizona, Appellee,**

v.

**Charles SUTTON, Appellant.**

**No. I CA–CR 583.**[1]

Court of Appeals of Arizona,
Division 1,
Department B.
April 18, 1974.
Review Denied May 14, 1974.

Gary K. Nelson, Atty. Gen. by Thomas A. Jacobs, Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

OPINION

JACOBSON, Chief Judge.

On February 5, 1974, we issued our opinion in State v. Sutton, 21 Ariz.App. 271, 518 P.2d 590 (1974), holding that a

---

1. This case is erroneously briefed under 1 CA–CR 601. *See* State v. Sutton (Memo- randum Decision; 1 CA–CR 601 filed December 27, 1973.)

probationer whose probation was subsequently revoked must be given credit for time served in pre-probation incarceration where the sentence received was the maximum allowable by law.

The rationale of this holding was based upon an interpretation of the sentencing statutes involved and an infringement upon the legislative prerogatives by the executive or judicial branches of government if jail time actually served exceeded the maximum set by the legislature. We stated:

"The legislature, in whose province is vested the right to legislate criminal penalties, has mandated that the maximum possible sentence that defendant could receive for the crime of which he was convicted was two and one-half years. In our opinion, neither the executive branch of our government through its law enforcement agencies or penal institutions, nor the judicial branch of government through its courts can thwart this legislative prerogative by extending the statutory limits.

\*   \*   \*   \*   \*   \*

"Thus, to allow the executive or judicial branch of government to punish the defendant in excess of that which the legislature has allowed infringes upon the separation of powers of government and is prohibited."

The state, by its motion for rehearing, has called the court's attention to the case of State v. Witt, 19 Ariz.App. 440, 508 P. 2d 105 (1973), which may cast doubt on the basis for our previous holding.

The statutes cited in *Witt* provide that a sentence actually commences at the time of "actual delivery of defendant at the place of imprisonment, or from the time fixed by the court as the time when the term of imprisonment begins," (A.R.S. § 13–1652) and that on revocation of probation the trial court may "pronounce sentence . . . within the longest period for which the defendant might have been sentenced . . . ." (A.R.S. § 13–1657). Giving

these statutes the interpretation placed on them by *Witt,* we are still of the opinion that the results reached in our previous opinion must stand.

We reach this conclusion based upon the application of the 14th Amendment of the United States Constitution to the states. In making this application, we are persuaded that where the statutory scheme of sentencing places a greater burden on those who are unable to make bond, in bailable offenses, than on those who are financially able is to deny the equal protection mandated by the 14th Amendment. The added burden being, of course, presentence incarceration. This issue was met in the case of In re Young, 32 Cal.App.3d 68, 107 Cal.Rptr. 915 (1973)[2]. California, like Arizona, has a statute which provides that the commencement of sentence begins upon actual delivery of the defendant to the place of imprisonment (Cal.Penal Code § 2900). In discussing this legislative enactment, the California Court of Appeals noted:

"We recognize that both proscribed conduct and prescribed punishment are essential to constitute a crime [citations omitted] and that these are matters for legislative determination, courts having no discretion as to either aspect. [Citations omitted]. But in the exercise of its function, the Legislature must conform to applicable constitutional limitations. The power to legislate does not, ipso facto, mean that a statute meets constitutional standards. The crucial question is not so much equality of sentence or punishment as such but whether or not the actual disparity in lengths of overall confinement of those convicted of the same offense who post bail and have no pre-sentence confinement and those who are financially unable to post bail and are consequently confined pending trial constitutes an invidious discrimination in violation of the Fourteenth Amendment of the United States Consti-

2. In re Young was decided on May 3, 1973; State v. Witt, *supra,* was decided April 3, 1973.

**552**

tution . . . ." 107 Cal.Rptr. at 917–918.

The *Young* court went on to hold that when an indigent is unable to afford bail, is given the maximum possible sentence, and is not given credit for presentence incarceration, his pre-trial confinement

> "operates to create an unconstitutional discrimination . . . in an overall confinement of persons who are convicted of the same crime who are able to afford bail and so secure liberty and those who cannot do so and are confined." Id. at 920

The same result has been reached on constitutional grounds in the following cases: Hart v. Henderson, 449 F.2d 183 (5th Cir., 1971); United States v. Gaines, 449 F.2d 143 (2d Cir., 1971); Wilson v. North Carolina, 438 F.2d 284 (4th Cir., 1971); Wright v. Maryland Penitentiary, State of Maryland, 429 F.2d 1101 (4th Cir., 1970); Stapf v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966); White v. Gilligan, 351 F.Supp. 1012 (S.D. Ohio, 1972); Workman v. Cardwell, 338 F.Supp. 893 (N.D. Ohio, 1972); Parker v. Bounds, 329 F.Supp. 1400 (E.D.N.C., 1971); Culp v. Bounds, 325 F.Supp. 416 (W.D.N.C., 1971); also *see* Mott v. Dail, 337 F.Supp. 731 (E.D.N.C., 1972).

We also note the following language used in Williams v. Illinois, 399 U.S. 235, 242, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586, 593 (1970), which, while not involving credit for pre-sentence incarceration, is applicable here:

> "Since only a convicted person with access to funds can avoid the increased imprisonment, the Illinois statute in operative effect exposes only indigents to the risk of imprisonment beyond the statutory maximum. By making the maximum confinement contingent upon one's ability to pay, the State has visited different consequences on two categories of persons since the result is to make incarceration in excess of statutory maximum applicable only to those without the requisite resources to satisfy the money

portion of the judgment." (Footnote omitted.)

In short, we hold that while pre-sentence incarceration may not qualify as "punishment" under A.R.S. § 13–1652, it amounts to an infringement of freedom and deprivation of liberty and when added to the maximum deprivation of liberty allowed by law results in a denial of equal protection guaranteed by the 14th Amendment of the United States Constitution.

We further hold that the power bestowed by A.R.S. § 13–1657 on a court in revoking probation must be exercised within the constitutional limitations expressed herein.

The results of our prior opinion are reaffirmed as modified by this supplemental opinion, the appellee's motion for rehearing is denied and the matter is remanded in accordance with our prior opinion.

HAIRE, P. J., and EUBANK, J., concur.