569 P.2d 225

STATE of Arizona, Appellee,

v.

Larry Lawrence ROWE, Appellant.

No. 3650.

Supreme Court of Arizona,
In Banc.

Sept. 7, 1977.

Bruce E. Babbitt, Atty. Gen., William J.
Schafer, III, Chief Counsel, Crim. Div.,
Crane McClennen, Asst. Attys. Gen., Phoe-
nix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Garth V. Smith, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

In April, 1971 appellant was convicted of second degree burglary, a charge to which he had pled guilty. His sentence was suspended for five years, with probation imposed. In June, 1975 appellant pled guilty to a charge of possession of marijuana. Five years probation was imposed for this offense as well. In February, 1976, both probations were revoked. Revocation stemmed from appellant's failure to remain at a prescribed drug rehabilitation program, and from his failure to notify the probation officer of his whereabouts. The trial court sentenced appellant to four to five years for the burglary charge, and from one to ten years for the possession charge. The sentences were to be served consecutively. Appeal was taken from the probation revocation and imposition of those sentences, with two issues addressed to this Court: (1) Did the sentences stem, unlawfully, from appellant's violation of probation rather than from punishment for the original charges? And (2) Did the sentences imposed exceed the statutory maximum? We take jurisdiction pursuant to 17A A.R.S. Sup.Ct. Rules, rule 47(e). The orders revoking probation and the sentences imposed are affirmed as modified herein.

■ The first issue relates to whether the trial judge gave appellant a harsher sentence because appellant had violated probation than the trial judge would have given appellant for the offense alone. Viewing the facts in a light most favorable to upholding the trial court's actions, *State v. Childs*, 113 Ariz. 318, 553 P.2d 1192 (1976), we assume that the sentence imposed was not the product of motivations amounting to an abuse of discretion. *See State v. Helmick*, 112 Ariz. 166, 540 P.2d 638 (1975).

■ A trial judge who revokes probation must impose a sentence because of the original offense; the sentencing court is without authority to impose punishment for violation of probation alone. *See State v. Pietsch*, 109 Ariz. 261, 508 P.2d 337 (1973); and *State v. Crowder*, 103 Ariz. 264, 440 P.2d 29 (1968). However, the discretion which exists at the time a sentence is imposed for the original offense embraces consideration of the fact that defendant failed to avail himself of the opportunity to reform, *State v. Robbins*, 110 Ariz. 284, 518 P.2d 107 (1974); as well as the nature and circumstances of the crime charged; the moral character and past conduct of the defendant, and his or her general background. *State v. Quintana*, 92 Ariz. 308, 376 P.2d 773 (1962); *State v. Schlarp*, 25 Ariz.App. 85, 541 P.2d 411 (1975).

The sentencing proceeding is not a trial in the ordinary sense of the word, and the court "may consider many matters not admissible on the issue of guilt or innocence." *Quintana, supra*, 92 Ariz. at 312, 376 P.2d at 775–76, citing *State v. Levice*, 59 Ariz. 472, 130 P.2d 53 (1942). According to A.R.S. § 13–302, the maximum prison sentence allowable for second degree burglary is five years. Appellant was sentenced to serve four to five years for this conviction. The sentence imposed for possession of marijuana, one to ten years, was also within limits set by the Legislature, A.R.S. § 36–1002.-05(A).

■ Although the judge's comments at sentencing indicate she was concerned with appellant's violations of probation, this was not an improper consideration on her part. Each sentence was imposed for the original offense, but appellant's behavior subsequent to that offense was nevertheless germane to the sentencing court's determination. Two crimes were committed; two sentences were imposed. Subject to the problems discussed further on, the consecutive imposition of those sentences was within the sentencing court's discretion, and no reversible error was committed thereby.

■ The second issue raised by appellant is whether the sentence imposed, when added to pre-sentence incarceration served, exceeds the permissible statutory maximum. Appellant spent 99 days in jail at

various times relating to the burglary charge. He later spent one day in jail when initially arrested for possession of marijuana. Additionally, appellant served 33 days as a condition of probation granted on the marijuana charge, and the trial judge specifically took the day served into consideration at that time.

Credit for time served as a condition of probation, and the time served credited by the sentencing judge against such probation, were both resolved contrary to appellant's position in *State v. Fuentes*, 26 Ariz. App. 444, 549 P.2d 224 (1976), aff'd, 113 Ariz. 285, 551 P.2d 554 (1976). Appellee, State of Arizona, concedes that appellant is entitled to credit for 99 days appellant served when charged with burglary. *See Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); *Fuentes, supra.* The only issue before this Court is how to apply credit. While appellee appears to raise a question relating to propriety of credit against the maximum rather than the minimum sentence imposed, we are not persuaded by the distinction. We conclude that the commencement date of appellant's sentence in No. CR–66511 December 6, 1975, must be calculated to begin 99 days sooner. A.R.S. § 13–1717. The issuance of the mandate in this case will constitute a formal modification of the burglary sentence imposed.

The burglary sentence is modified and the order revoking probation, No. CR–66511, is affirmed. Order revoking probation and sentence in CR–85982 affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.