570 P.2d 485

STATE of Arizona, Appellee,

v.

John E. HARRIS, Appellant.

No. 3911.

Supreme Court of Arizona, En Banc.

Sept. 26, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

John E. Harris, hereinafter appellant, appeals from a judgment of conviction of grand theft by false representation, from the revocation of his probation thereafter, and from the sentence on both the conviction and revocation. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

Appellant was convicted, in 1972, of the crime of offering to sell heroin. Sentence was suspended and he was placed on probation for five years. An acknowledgement at the bottom of a document titled "Terms and Conditions of Probation," signed by appellant, read:

"I hereby acknowledge receipt of a copy of the foregoing Terms and Conditions of Probation ordered by the Court in this case; and I understand that upon my violation of any said terms and conditions . . . or my engaging in criminal practices . . . *the Court may revoke and terminate my probation and impose sentence upon me* in accordance with the law." (Emphasis added).

The very first condition of probation listed therein was that appellant "at all times conduct himself as a law-abiding citizen."

On May 17, 1973, appellant's probation was revoked and he was sentenced to five years to life, commencing on April 3, 1973. Thereafter, a petition for post-conviction relief was filed. It was then determined by a Maricopa County Superior Court judge that appellant's probation had been improperly revoked,* and he was reinstated to probation on October 22, 1974.

On July 19, 1976, appellant pled guilty to the charge of grand theft by false representation, pursuant to a plea agreement. The following day his probation on the "offering to sell heroin" charge was again revoked, based upon the new conviction. On both the grand theft conviction and the revocation of probation appellant was sentenced to not less than five years nor more than ten years, to be served concurrently. Because of the mandatory sentencing provision of A.R.S. § 36–1002.02, appellant will not be eligible for parole on the drug conviction for at least five years. At the time of sentencing, the judge clearly indicated on the record that, in both cases, he had considered the time appellant had already spent in jail but did not credit him with any. Appellant had spent 106 days in custody for the grand theft charge prior to sentencing.

The following issues are raised on appeal:

1. Was appellant fully advised of the consequences of his plea?

2. Should appellant be given full credit for all time previously served on both convictions?

### GUILTY PLEA

■ Two arguments are advanced to support the proposition that appellant was not thoroughly advised of the consequences of his plea, pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 17.2(b). The first

---

\* The judge apparently felt appellant had been deprived of certain rights under 17 A.R.S. Rules of Criminal Procedure, rule 27.7(c), since revised.

is that appellant was not advised of the possibility that he might be fined under A.R.S. § 13–1647. This is the same argument advanced in our recent decision of *State v. Rogel*, 116 Ariz. 114, 568 P.2d 421 (1977) [filed July 19, 1977]. That opinion clearly controls here, and we therefore reject appellant's request to reverse on that basis.

■ The second argument is that appellant was never advised, before pleading to the grand theft, that his probation from the drug-related charge could be revoked based on the grand theft conviction. We need only refer to the portions of appellant's "Terms and Conditions of Probation" quoted earlier herein to answer this contention. There is no further requirement, in rule 17.2 or otherwise, that the trial judge advise a probationer before he pleads to a new criminal offense of something he is fully aware of when placed on probation.

## CREDITING TIME SERVED

■ Appellant contends that because he spent 106 days in custody on the grand theft charge, and was then given a maximum sentence thereon, he is entitled to credit for the presentence time served. The state concedes this is true and we agree. *State v. Salinas,* 23 Ariz.App. 232, 532 P.2d 174 (1975).

■ It is further argued by appellant that he should be credited with the time he previously served on the erroneous revocation of probation, from April 3, 1973 to October 22, 1974. Again, we agree.

The Fifth and Fourteenth Amendments to the United States Constitution and Art. 2, § 10 of the Arizona Constitution protect against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *State v. Johnson*, 105 Ariz. 21, 458 P.2d 955 (1969); *see also* A.R.S. § 13–1641.

"[T]he constitutional guarantee against multiple punishments for the same of-

fense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. . . ." *North Carolina v. Pearce*, 395 U.S. at 718–19, 89 S.Ct. at 2077.

The first probation revocation resulted in appellant's incarceration for the conviction on "offering to sell heroin." He spent almost two years on a mandatory minimum sentence of five years. To not credit him now with that time would mean he would be spending nearly seven years, minimally and mandatorily, for the drug conviction. That amounts to an illegally increased punishment and must be corrected.

Pursuant to A.R.S. § 13–1717, we amend the sentence on CR–88937 (grand theft) to credit appellant with 106 days off the maximum, making the sentence not less than 5 years nor more than 9 years and 259 days. With regard to CR–71371 (offer to sell heroin), the sentence remains as imposed. However, the appellant is entitled to have the 569 days previously served in prison applied against the 5-year mandatory minimum, making him eligible for consideration for parole after 3 years and 161 days of the sentence have been served.

Convictions and revocation affirmed. Sentences amended as indicated by the foregoing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.