574 P.2d 1319

**STATE of Arizona, Appellee,**

v.

**K. W. PREVOST, Appellant.**

**No. 1 CA–CR2492.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 15, 1977.

Rehearing Denied Jan. 27, 1978.

Review Denied Feb. 15, 1978.

Bruce E. Babbitt, Atty. Gen. by Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

Johansson & Sanders, Ltd. by Gregory R. Jordan, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

The major issue in this appeal deals with whether the trial court properly refused to credit presentence incarceration time and the effect of a federal prison sentence on defendant's state sentence.

On July 6, 1976, a police search pursuant to a warrant revealed approximately sixteen balloons of heroin concealed upon the person of appellant-defendant, K. W. Prevost. The defendant was arrested and charged with possession of a narcotic drug for sale in violation of A.R.S. §§ 36–1001 and 36–1002.01. Subsequently, the defendant was released on his own recognizance.

Approximately three days after defendant's arrest, Phoenix police officers offered to dismiss these charges if the defendant provided information leading to either: five arrests, each involving three to five ounces of heroin; ten arrests involving smaller amounts of heroin; or the seizure of a kilo of heroin. It was also understood that the defendant was to waive a preliminary hearing as part of the agreement. (Defendant's attorney was a party to this agreement.) This offer was withdrawn by the police on September 7, 1976 because of the defendant's failure to perform.

On October 15, 1976 the defendant was incarcerated as a result of an unrelated federal charge. On November 10, 1976, defendant's trial on the state charges began in the superior court of Maricopa County; on November 12, 1976, the trial judge revoked defendant's release on his own recognizance because of the federal arrest. A jury found the defendant guilty of possession of a narcotic for sale on November 15, 1976. On December 27, 1976 the defendant was sentenced to seven years' imprisonment on the federal charges. On December 28, 1976 the defendant was sentenced on the

state conviction to not less than fourteen nor more than fifteen years' imprisonment in the Arizona State Prison to commence from the date of delivery of the defendant to the state by federal authorities. This appeal is taken from the judgment and sentence imposed by the state court.

The defendant raises several issues on appeal: (1) whether the refusal to grant his motion for continuance based upon a void waiver of the preliminary hearing or the waiver itself constitutes fundamental error; (2) whether the trial court erred in failing to credit the defendant with presentence incarceration time; (3) whether the trial court erred by sentencing the defendant to an unlawful, ambiguous, and excessive sentence; (4) whether there was insufficient foundation for the opinion of the state's expert witness; and (5) whether the trial court erred in refusing to grant defendant's motion in limine and objection to testimony by a Phoenix police officer.

## WAIVER OF THE PRELIMINARY HEARING

On appeal, the defendant does not dispute the fact that he failed to carry out his part of the agreement to act as a police informant, but rather contends that the police were without authority to enter such negotiations. As a result, he alleges that the waiver of his preliminary hearing was void and the denial of his motion to continue based upon absence of a preliminary hearing constitutes reversible error. We disagree.

Although there is some question as to the authority of the police to negotiate with the defendant, it is clear from the record that had he performed his part of the agreement, the agreement would have been carried out.

■ It is equally apparent that the defendant's attorney was informed of the withdrawal of the agreement two months prior to trial, a sufficient time to enable the defendant to move for a preliminary hearing. However, it was not until the day of trial that his attorney moved for a continuance because a preliminary hearing had not been held and thus defendant's right to discovery had been impaired. The purpose of a preliminary hearing is not to give defendants an opportunity for discovery but to determine probable cause to hold defendant to answer. Any discovery resulting from a preliminary hearing is incidental and not a right of defendant. See, *State v. Bojorquez*, 111 Ariz. 549, 553–554, 535 P.2d 6, 10–11 (1975). Moreover, if in fact defendant's counsel felt discovery was imperative in this case, he could have utilized Rule 15, Rules of Criminal Procedure.

■ In some circumstances, failure to provide a preliminary hearing can result in reversible error. *See, State v. Essman*, 98 Ariz. 228, 403 P.2d 540 (1965). However, under the facts presented here—the untimeliness of the request for a continuance and the stated purpose of that request for discovery—we find the court did not abuse its discretion in denying the motion for a continuance.

## PRESENTENCE INCARCERATION

The defendant next contends that he is entitled to 73 days' credit for presentence incarceration. He was incarcerated on October 15, 1976 as a result of an unrelated federal offense and on November 12, 1976 the state trial court revoked his release on his own recognizance. It is necessary to consider separately defendant's detention before and after November 12, 1976.

■ From October 15, 1976 to November 12, 1976 the defendant was confined solely on federal charges, and he is not entitled to state credit for that detention. Only when the time spent in confinement is due to or arises out of the offense against which credit is claimed does any right to such an allowance occur. *See, Umphenour v. State*, 535 S.W.2d 579 (Mo.App., 1976); *Trigg v. State*, 523 S.W.2d 375 (Tenn.Cr.App., 1975). *Cf. Wingfield v. Page*, 422 P.2d 229 (Okla. Cr., 1966).

■ From November 12, 1976 until sentence was pronounced by the state trial court on December 28, 1976, defendant was

confined for both the state and federal charges. Under certain circumstances, this confinement might result in credit against the state sentence.

■■ The rationale behind giving credit for presentence incarceration is the denial of equal protection that flows to the poor not able to make bail. *See, Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); *State v. Salazar,* 24 Ariz.App. 472, 539 P.2d 946 (1975); *State v. Sutton,* 21 Ariz.App. 550, 521 P.2d 1008 (1974). There is no absolute right to presentence detention credit, but if the defendant is incarcerated simply because of his inability to make bail due to indigency and the presentence detention plus the sentence imposed exceed the maximum sentence allowed, credit must be given for the presentence detention. *Jackson v. State,* 530 F.2d 1231 (5th Cir., 1976); *Hook v. State,* 496 F.2d 1172 (9th Cir., 1974); *State v. Maese,* 27 Ariz.App. 379, 555 P.2d 348 (1976).

■ The record before us shows that the defendant's confinement after November 12, 1976 was not based upon his inability to make bail on the state charges. The trial court revoked his release and held him without bond. This is clearly shown in the following excerpt from the trial transcript:

"THE COURT: In looking at the Court's file, among the terms and conditions which were imposed upon the defendant when he was released on his own recognizance where [sic] that he be a law-abiding citizen, he obey all laws. Based upon the fact that the defendant has been subsequently charged for federal violations involving drugs, the Court is of the opinion the defendant is in violation of the terms and conditions of his recognizance release earlier.

"Based upon that and based upon the authority imposed on this Court by statute, I'm going to at this time revoke the release of the defendant on his own recognizance and order that he be held in Maricopa County Jail without bond until the conclusion of this trial.

"I don't think it's going to make any difference anyway, because apparently the federal authorities have a hold on him, but if in fact he is attempting to make federal bond, Mr. Prevost, you might save your money trying to make federal bond, because you are now held without bond on the State charge until the conclusion of this trial.

"If you are acquitted here, that would exonerate it. If you are convicted here, I would hold you without bond until the time of sentencing.

"So, I want the order to reflect the defendant is now being held without bond on this State charge until the conclusion of this trial."

Therefore, since the defendant was not denied presentence release because of indigency but rather was held without bond because he violated the conditions of his release, he is not entitled to any credit towards the state sentence for his incarceration between November 12, 1976 and December 28, 1976.

## SENTENCE IMPOSED IN SUPERIOR COURT

One day prior to his sentencing on state charges, the defendant was sentenced in federal court to a term of seven years' imprisonment to be served concurrently with any sentence imposed by the state court. The state court sentenced the defendant to not less than fourteen nor more than fifteen years' imprisonment in the Arizona State Prison to begin upon delivery from the federal authorities.

Defendant claims that the state court imposed this sentence because of a mistaken belief that it could not make the state sentence run concurrently with the federal sentence. From this contention, he then argues that the trial court mistakenly believed that as a matter of law it had no choice but to impose a consecutive sentence.

■ The record shows that the prosecutor did allege that the trial court could not make the state sentence run concurrently while the defendant was confined in a federal institution. This is an incorrect statement of the law. Rule 26.13 of the Arizona

Rules of Criminal Procedure and *State v. Rhodes,* 104 Ariz. 451, 454 P.2d 993 (1969) make clear that a state court *may* fix the date of the beginning of a sentence at a time prior to delivery to the Arizona State Prison and order it to run concurrently with a sentence imposed by another jurisdiction. However, neither the rules nor *State v. Rhodes, supra,* require the court to impose concurrent sentences.

 The record in this case does not offer sufficient facts for us to conclude that the prosecutor's misstatement of the law was the basis for the trial court's decision to make the state sentence begin upon delivery to Arizona State Prison. It is evident from the record that the trial judge had carefully considered the defendant's past conduct and believed that he had demonstrated a flagrant disregard for the law. The trial court has the authority to impose consecutive sentences. *See, Valenzuela v. State ex rel. Eyman,* 14 Ariz.App. 374, 483 P.2d 606 (1971); *State v. Louden,* 1 Ariz. App. 123, 400 P.2d 131 (1965).

 The state court's decision to date defendant's state sentence from the time of delivery to the Arizona State Prison means that the federal sentence cannot be served concurrently as long as he is confined in a federal institution. Although the federal court expressed an intention that the state and federal sentences be concurrent, it has no power to make them run concurrently. *See, Tremarco v. United States,* 412 F.Supp. 550 (D., N.J., 1976); *Duval v. United States,* 385 F.Supp. 302 (E.D.Pa., 1974); *Hash v. Henderson,* 262 F.Supp. 1016 (E.D., Ark., 1967), affirmed 385 F.2d 475 (8th Cir., 1967). A federal judge cannot determine the institution in which a prisoner is to be incarcerated. This determination belongs to the federal prison authorities. A statement concerning concurrent sentences is merely a recommendation and the federal prison authorities may implement this recommendation by designating a state institution as the place of confinement for the federal sentence. *See, U. S. v. Myers,* 451 F.2d 402 (9th Cir., 1972); *Tremarco v. U. S., supra.* Under the facts

presented here, defendant's remedy lies within the federal system. This court cannot intervene to implement the recommendation of a federal judge concerning a federal sentence; neither will we require a state court to make a state sentence run concurrently with a federal sentence when the prisoner is confined to a federal prison where it is clear that the trial court did not intend the sentence to run concurrently.

 The defendant also complains that the state sentence is excessive because the sum total of time spent in presentence detentions plus the state and federal sentences could potentially exceed twenty-two years. The state sentence falls within statutory limits and this court will not disturb such a sentence unless there is a clear abuse of discretion. *State v. Pakula,* 113 Ariz. 122, 547 P.2d 476 (1976); *State v. Starr,* 110 Ariz. 580, 521 P.2d 1126 (1974). We find no abuse in sentencing and, as previously discussed, no abuse in failure to give credit for presentence detention.

## STATE'S EXPERT WITNESS

 The defendant next alleges that there was insufficient foundation for the state's expert witness, Detective Warden, to give an opinion that the quantity of heroin possessed by appellant was held for sale. Specifically, he complains that since Detective Warden testified that he had never *seen* anyone snort heroin, he could not form an opinion as to a quantity that a user might possess for his personal use. Detective Warden had been qualified as an expert witness as to the custom and usage of heroin users, including "snorters." The fact that he had not actually *seen* anyone snort heroin does not destroy his expertise. Whether a witness is qualified as an expert rests within the sound discretion of the trial court and that decision will not be reversed absent a showing of abuse of discretion. *State v. Owens,* 112 Ariz. 223, 540 P.2d 695 (1975); *State v. Keener,* 110 Ariz. 462, 520 P.2d 510 (1974).

### TESTIMONY OF POLICE OFFICER

Finally, the defendant has alleged error because of police testimony concerning a question put to him during the search preceding arrest.

During the search, appellant made numerous incriminating statements. At a voluntariness hearing, the trial court determined that the defendant's statements were made following *Miranda* warnings and waiver and that they were made knowingly, intelligently and voluntarily. At this hearing, the trial judge recognized a potential problem regarding the following testimony:

[Police officer] ". . . a lot of people have told me you were a big dealer. Is that true?

[Appellant] "No, I'm not that big."

The trial judge was concerned with the hearsay element of that statement and its potential for prejudicing the defendant by its implication to the jury that many people were telling the police about defendant's alleged dealing. Therefore, the court permitted the police officer to testify to the question in a modified form:

[Police officer] "Isn't it true that you are a big time dealer?

[Appellant] "No, I'm not that big."

The defendant continued to object to the testimony on the basis that the question was a "negative-pregnant" to which either a "yes" or "no" answer would be incriminating. The court overruled this objection because his answer was not either "yes" or "no" but a qualified answer.

The defendant cites no authority to support the contention that a voluntary statement is inadmissible because it is in response to "a compound question incorporating a negative, pregnant assertion." Furthermore, in the context of the defendant's many incriminating statements made during the search, this statement was relatively insignificant. Such error, if any, would have been harmless and does not constitute grounds for reversal. *See, State v. Brewer*, 26 Ariz.App. 408, 549 P.2d 188 (1976); *State v. Colson*, 17 Ariz.App. 598,

499 P.2d 726 (1972). Based upon the foregoing reasons, we find no reversible error.

Judgment and sentence affirmed.

WREN, P. J., and EUBANK, J., concurring.