593 P.2d 304
**STATE of Arizona, Appellee,**

v.

**Jose Vargas VELAZQUEZ, Appellant.**

**No. 1 CA–CR 3244.**

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 22, 1979.

Rehearing Denied March 20, 1979.

Review Denied April 10, 1979.

---

John A. LaSota, Jr., former Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

David K. Schatz, Chandler, for appellant.

## OPINION

OGG, Chief Judge.

Appellant, Jose Vargas Velazquez, pleaded no contest to a charge of obtaining money by a confidence game. The trial judge designated the offense a felony, suspended the imposition of sentence, and placed appellant on probation for a period of four years. He brings this appeal from the revocation of his probation.

Prior to the probation revocation proceedings which form the basis for this appeal, two petitions to revoke appellant's probation were filed. Following the first petition, appellant's probation was continued with only a reduction in the amount of monthly restitution payments he was required to make. After the second petition, appellant's probation was again continued, but with the additional requirement that he return to Mexico within 24 hours of his release from the Maricopa County jail. The third petition resulted in appellant's probation being revoked for violating the term requiring him to return to Mexico, for failing to make monthly reports to his probation officer, and for failing to make monthly restitution payments. He was sentenced to serve three to five years in the Arizona State Prison, five years being the maximum sentence permitted under A.R.S. § 13–312 (Supp.1978).[1]

Appellant brings this appeal to raise two issues relating to the revocation of his probation and subsequent sentence.

■ Appellant contends that he is entitled to more jail time credit than he was given by the trial judge. Appellant limits his argument for credit to the time he spent in jail between arrest and conviction. However, our own review of the record pursuant to A.R.S. § 13–4035 (1978)[2] has convinced us that since, as previously noted, the maximum sentence was imposed following revocation of appellant's probation, the trial court committed fundamental error by not giving credit for all jail time spent in this case, both pre-conviction and post-conviction, as a result of alleged probation violations.

The state admits that, as we held in *State v. Prevost*, 118 Ariz. 100, 104, 574 P.2d 1319, 1323 (App.1977), "if the defendant is incarcerated simply because of his inability to make bail due to indigency and the presentence detention plus the sentence imposed exceed the maximum sentence allowed,

---

1. This section was repealed in 1977 Ariz.Sess. Laws, Ch. 142, § 9, eff. October 1, 1978.

2. Formerly A.R.S. § 13–1715 (renumbered § 13–4035 by 1977 Ariz.Sess.Laws, Ch. 142, § 161, eff. October 1, 1978).

credit must be given for the presentence detention." The state thus agrees with appellant that he is entitled to seven days credit for the time he was held because he was unable to post bond following his original arrest.

Appellant was additionally held without bail, however, for 32 days from December 4, 1975 to January 19, 1976, when he was arrested for alleged probation violations the first time. The second time he was arrested for probation violations, he was held for 13 days, from January 28, 1977 until February 9, 1977. The third time he was incarcerated from January 3, 1978 until February 17, 1978, at which time he was sentenced to the maximum permissible term in the state prison.

From the record it is clear that appellant was held without bail for the 32 days following his first arrest for violation of probation, and for 46 days following the last arrest before sentence was imposed. Since he was held without bail, the state urges that the equal protection rationale of *State v. Prevost* does not apply to those periods, and that at the most, appellant is entitled to 20 days credit (7 pre-conviction days and 13 days following the second arrest on alleged probation violations). The trial court began appellant's prison term on January 3, 1978, effectively giving him 46 days credit, which the state argues was not required. From this, it concludes that the 20 day credit is irrelevant since appellant has already received more than that.

What the state fails to recognize when it makes this argument is that his conviction was the only basis for holding appellant on alleged probation violations. *State v. Pietsch,* 109 Ariz. 261, 508 P.2d 337 (1973). The possible violation of terms of his probation did not constitute a separate criminal offense for which appellant could have been incarcerated absent the underlying conviction. As to the time spent in jail after arrests for probation violations, it is thus irrelevant whether bail was set because the time was spent as a result of his conviction for obtaining money by a confidence game.

This is not a situation such as that in *State v. Fuentes,* 26 Ariz.App. 444, 549 P.2d 224 (1976), *aff'd and adopted,* 113 Ariz. 285, 551 P.2d 554 (1976), where we held that time spent in the county jail as a condition of probation did not have to be credited against a prison sentence ultimately imposed when the probation was revoked. No jail time was imposed here as a condition of probation; the time spent in jail cannot, therefore, be classified as probationary time as was the case in *Fuentes.* "A probationary jail term is one of the conditions of probation which is *established at the time sentence is suspended.*" *State v. Rodriguez,* 116 Ariz. 276, 278, 569 P.2d 218, 220 (1977). (Emphasis added).

The time spent in jail when appellant was arrested for possibly violating the terms of his probation was time spent as a result of his conviction, and was required to be considered by the trial judge when imposing sentence. 17 A.R.S. Rules of Criminal Procedure, Rule 26.10(b). Since the maximum sentence was imposed, the additional time spent in jail as a result of appellant's conviction causes his prison term to exceed the permissible statutory maximum. *See State v. Rowe,* 116 Ariz. 283, 569 P.2d 225 (1977).

Appellant has already been given credit for the 46 days spent in jail from January 3, 1978 to February 17, 1978. We conclude that he is entitled to an additional credit of 52 days as a result of the other time spent in jail both before and after his conviction. Appellant's sentence must be calculated to begin 52 days sooner, and the issuance of the mandate in this case will constitute a formal modification of his sentence.

Appellant further contends the trial court erred in revoking his probation. He reasons that the court lacked authority to order him to return to Mexico as a condition of his probation, and that it was his subjective understanding that if he went to Mexico he would not be bound by the remaining terms of his probation.

Initially, we agree with appellant that the term of his probation requiring him to return to Mexico was invalid. *State v. Camargo,* 112 Ariz. 50, 537 P.2d 920

(1975). Appellant's actions, however, belie his assertion that he was led to believe he was released from all remaining terms. There is evidence appellant mailed at least one monthly report to his probation officer during the time he was in Mexico, and that he made several restitution payments following the second petition to revoke his probation. Under these facts there was sufficient evidence for the trial judge to reasonably conclude that appellant understood the terms of his probation, and that he violated two terms by not filing his monthly reports and by his failure to make monthly restitution payments. 17 A.R.S. Rules of Criminal Procedure, Rule 27.-7(b)(3). *See State v. Jameson,* 112 Ariz. 315, 541 P.2d 912 (1975).

The order revoking probation is affirmed, and the sentence is affirmed as modified.

SCHROEDER, P. J., and JACOBSON, J., concur.