643 P.2d 1027
**STATE of Arizona, Appellee,**

v.

**Alberto Maldonado SAN MIGUEL, Appellant.**

**1 CA–CR 5158, 1 CA–CR 5159.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 11, 1982.
Rehearing Denied March 26, 1982.
Review Denied April 20, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James R. Hart, II, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

The defendant, Alberto San Miguel, brings this appeal, raising two issues concerning the failure of the trial court to grant him credit for time spent in jail pursuant to a petition to revoke probation and an underlying charge of trafficking in stolen property.

The problems associated with this case arise because the crime for which the defendant was placed on probation occurred prior to the enactment of A.R.S. § 13–709(B).[1] On the other hand, the crime which formed the basis for the revocation of his probation occurred after the enactment of A.R.S. § 13–709(B).

Originally, in criminal cause No. 101348, the defendant was charged with receiving stolen property, pled guilty and was sentenced to three years probation with the condition that he be incarcerated in the Maricopa County Jail for a period of four weekends. At the time this sentence was imposed, he had been incarcerated for eight days because he was unable to make bond.

Subsequently, on July 2, 1980, the defendant was charged with a new offense (criminal cause No. 113428) of trafficking in stolen property. Based upon this new offense, probation revocation proceedings were commenced in cause No. 101348.

On August 20, 1980, the defendant was arrested on both the new offense and the probation violation charge. On the following day, the trial court ordered the defendant released on his own recognizance on the new offense (cause No. 113428), but he was to be held without bond on the petition to revoke probation (cause No. 101348).

Following a hearing on the petition to revoke probation and the entering into a plea agreement on the new criminal charge, the defendant was sentenced on both charges on December 11, 1980. As to the crime for which the defendant was placed on probation, the trial court sentenced him to the maximum sentence imposable for that offense (four years). The trial court gave no credit for presentence incarceration nor did it state that it had considered any time the defendant had spent in custody pursuant to the petition to revoke probation in imposing sentence.

As to the trafficking in stolen property charge, the defendant was sentenced to the presumptive term of 7.5 years, with one day credit for presentence incarceration, to run concurrently with the sentence imposed as a result of the revocation of defendant's probation.

The only error alleged on appeal is the failure of the trial court to give him full credit for presentence incarceration. In this regard, the defendant urges that on the charge for which probation was revoked he is entitled to eight days credit for time spent prior to being placed on probation, plus 113 days credit from the time he was arrested on the bench warrant until he was sentenced on December 11, 1980.

On the trafficking in stolen property charge, he claims credit for 112 days, this time representing the 113 days from the date of his arrest on August 20, 1980, to his sentencing on December 11, 1980, less one day credit already granted.

As previously indicated, the crimes for which the defendant was sentenced occurred both before and after the enactment

1. A.R.S. § 13–709(B) provides:
    All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment otherwise provided for by this chapter.

of A.R.S. § 13–709(B) and therefore will be discussed separately.

## PROBATION REVOCATION CHARGE

Prior to the enactment of A.R.S. § 13–709(B), there was no statutory authority requiring the crediting of presentence incarceration time. Generally, it was held that a defendant enjoyed no absolute right to such credit against his term of imprisonment and the granting of such credit was discretionary with the trial court. *State v. Kennedy,* 106 Ariz. 190, 472 P.2d 59 (1970). Thus, at the time the defendant pled guilty to the original charge, Rule 26.10(b), Rules of Criminal Procedure, provided that:

> The court shall [upon pronouncing a sentence]
>
> \* \* \* \* \* \*
>
> (2) State that it has considered the time the defendant has spent in custody on the present charge . . . .

Under this discretionary authority, appellate courts presumed that if the maximum sentence was not imposed, the trial court granted credit for presentence incarceration. *State v. Kennedy, supra.* The problem arose under this discretionary theory when the defendant received the maximum sentence and he was denied presentence incarceration credit, or the sentence actually imposed plus time spent in presentence incarceration exceeded the maximum sentence. The first case to consider these issues in Arizona was *State v. Postell,* 19 Ariz.App. 587, 509 P.2d 718 (1973). In *Postell,* the court noted that while granting presentence incarceration time credit was discretionary with the court, a presumption could not be indulged in that the court granted such credit when the sentence imposed, plus presentence incarceration exceeded the maximum allowable sentence. The *Postell* court held that where the trial judge failed to state on the record that presentence incarceration was considered in imposing the maximum, the appellate court would modify the sentence to allow such credit.

The second case to consider this issue was *State v. Sutton,* 21 Ariz.App. 550, 521 P.2d 1008 (1974). In *Sutton,* the court tacitly recognized the discretionary character of presentence incarceration credit, but held that where the defendant's presentence incarceration was the result of his inability to make bond (indigency), such credit was constitutionally mandated under the equal protection clause of the United States Constitution where the presentence incarceration time plus the sentence imposed exceeded the maximum allowable sentence.

The rationale of denial of equal protection to mandate credit for presentence incarceration was relied upon in *State v. Prevost,* 118 Ariz. 100, 574 P.2d 1319 (App. 1977); *State v. Maese,* 27 Ariz.App. 379, 555 P.2d 348 (1976); *State v. Salazar,* 24 Ariz. App. 472, 539 P.2d 946 (1975); and *State v. Salinas,* 23 Ariz.App. 232, 532 P.2d 174 (1975). This same reasoning was subsequently adopted by the Arizona Supreme Court in *State v. Gray,* 122 Ariz. 445, 595 P.2d 990 (1979) and *State v. Warde,* 116 Ariz. 598, 570 P.2d 766 (1977).

Thus, for a period of approximately four years, Arizona Courts had applied the rationale that where the defendant's actual sentence plus presentence incarceration time exceeded the maximum penalty allowed by law, and the presentence incarceration was the result of indigency, constitutional considerations under the equal protection clause required granting credit for the time spent in presentence incarceration.

With the rationale established, both this court and the Arizona Supreme Court mouthed the rule as if it were absolute, that is, if the defendant was given a maximum sentence, he was entitled to credit for presentence time served. *See State v. Harris,* 116 Ariz. 543, 570 P.2d 485 (1977); *State v. Rowe,* 116 Ariz. 283, 569 P.2d 225 (1977); *State v. Hadley,* 114 Ariz. 86, 559 P.2d 206 (App.1977). Particularly vexing in this regard is *State v. Velazquez,* 122 Ariz. 81, 593 P.2d 304 (App.1979) (in which this author concurred). In *Velazquez,* as the result of several probation revocation petitions, the defendant spent a total of 98 days in presentence incarceration prior to the time he

was sentenced to the maximum term. Of this presentence incarceration, the defendant spent 78 days being held without bond. The trial court gave the defendant credit for 46 days presentence incarceration. The state argued on appeal that since the defendant's presentence incarceration was not the result of indigency (he being held without bond) the rationale of *State v. Sutton, supra,* and *State v. Prevost, supra,* did not apply and therefore presentence incarceration credit was not mandated. This court disagreed, and relying on *State v. Rowe, supra,* adopted an absolute requirement rule that where the maximum penalty was imposed, the defendant is entitled to all presentence incarceration.

In our opinion, the result reached in *Velazquez* was erroneous. Prior to obtaining statutory authority to grant credit for presentence incarceration, whether credit given was absolutely within the discretion of the trial judge (although the trial court was required to articulate the exercise of that discretion on the record, *see* Rule 26.-10(b)(2), Ariz.R.Crim.P., 17 A.R.S. It was only when that discretion ran afoul of equal protection considerations that credit was mandated. *State v. Rowe, supra,* is not to the contrary. In *Rowe,* the state confessed error where the trial court failed to grant credit for presentence incarceration.

▉▉▉▉ Looking then to this particular defendant's situation, we note that the only presentence time served by the defendant which was related to indigency consisted of the eight days he spent in jail when originally arrested on the charge for which he was subsequently sentenced to the maximum term. Since this presentence time when added to the penalty imposed exceeds the statutory maximum term for the crime, the defendant is absolutely entitled to credit for the eight day period. *State v. Sutton, supra.* Since the remaining 113 days of presentence incarceration was not related to his indigency (he being held without bond), he has no absolute right to this cred-

it. However, since the trial judge failed to articulate on the record that it considered time spent in custody in passing sentence, in violation of Rule 26.10, Rules of Criminal Procedure, this matter must be remanded to the trial court for this consideration.

### NEW CRIMINAL OFFENSE

This criminal charge arose after adoption of A.R.S. § 13–709(B), and therefore the issue of whether credit is granted for presentence incarceration is controlled by that statute. As previously indicated, A.R.S. § 13–709(B) requires that "[a]ll time actually spent in custody *pursuant to an offense* . . . shall be credited against the term of imprisonment . . . ." (Emphasis added).

It is the state's position that since the defendant was released on his own recognizance on the trafficking in stolen property charge one day after his arrest, he spent only one day in custody on this "offense" for which the trial court afforded credit.

The defendant argues that while technically he was released on his own recognizance on the trafficking charge, that charge formed the only basis on which he was being held on the petition to revoke probation,[2] and therefore he was actually being held because of that charge and A.R.S. § 13–709(B) applies.

While the defendant's argument has some facial appeal, this court and the Arizona Supreme Court has long taken great pains to differentiate between the various charges for which a defendant may be in custody. *See State v. Rose,* 121 Ariz. 131, 589 P.2d 5 (1978). Thus, in *State v. Prevost, supra,* (a pre-A.R.S. § 13–709(B) case) we stated:

> Only when the time spent in confinement is due to or arises out of the offense against which credit is claimed does any right to such an allowance occur.

118 Ariz. at 103, 598 P.2d at 1322.

▉▉▉▉ The wording of A.R.S. § 13–709(B) is clear. Custody credit is only allowed

---

2. Actually, cause No. 113428 contained several charges against the defendant, all of which were dismissed in the plea agreement, except

for the trafficking charge. We have only referred to the trafficking charge for purposes of simplicity.

where the time is "actually spent in custody pursuant to an offense . . . ." The confinement in this case was not due to the trafficking charge in criminal cause No. 113428, but rather as a result of the petition to revoke in criminal cause No. 101348. We therefore conclude that the 112 days claimed by the defendant does not constitute time spent in custody pursuant to the offense charged in criminal cause No. 113428. The trial court properly allowed only one day credit on this offense.

This matter is remanded for further proceedings consistent with this opinion.

OGG and WILLIAM W. NABOURS, JJ., concur.

*Note*: The Honorable WILLIAM W. NABOURS, Yuma County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 3.