NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRANDON CLOWARD CUTRONE, *Petitioner*.

No. 1 CA-CR 22-0280 PRPC
FILED 2-23-2023

Petition for Review from the Superior Court in Maricopa County
No.  CR2002-097157
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Krista Wood
*Counsel for Respondent*

Maricopa County Legal Advocate's Office, Phoenix
By Kyle Kinkead
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Cynthia J. Bailey and Vice Chief Judge David B. Gass joined.

_____

**T H U M M A**, Judge:

¶1        Brandon Cutrone petitions for review of the summary dismissal of his petition for post-conviction relief, which asserted claims for presentence incarceration credit and ineffective assistance of counsel (IAC). *See* Ariz. R. Crim. P. 33. Having considered the petition for review, this court grants review but denies relief.

**FACTS AND PROCEDURAL HISTORY**

¶2        In 2002, Cutrone pled guilty to two counts of sexual abuse and one count of attempted child molestation committed in Maricopa County. After serving a four-year prison term for one sexual abuse conviction, Cutrone began lifetime probation on the other two convictions. He violated probation four times, and each time was reinstated on probation.

¶3        In September 2018, Cutrone was arrested on drug charges in Gila County. Two days later, the State petitioned to revoke his probation in the Maricopa County case based on the charges in Gila County and other alleged violations. Because the Maricopa County petition incorrectly stated that Cutrone had been arrested, no detainer was placed on him in Gila County.

¶4        In October 2019, while in custody in Gila County, Cutrone filed a motion in Maricopa County to: (1) be transported to Maricopa County on the probation violation petition; (2) have counsel appointed to represent him in Maricopa County and (3) have bond determined. The Maricopa County court denied his motion because there were "no open cases pending."

¶5        In November 2019, the State filed a new petition to revoke Cutrone's probation in Maricopa County, this time seeking an arrest warrant. The Maricopa County court dismissed the September 2018 petition to revoke, remarking that it had been "filed incorrectly" and that the State

should have filed a petition seeking an arrest warrant "to begin the probation violation process."

¶6        Cutrone pled guilty in Gila County to possessing a dangerous drug for sale and, on June 1, 2020, was sentenced to nine years in prison, with 619 days of presentence incarceration credit. The sentence was ordered to run concurrently with any sentence imposed in Maricopa County.

¶7        Cutrone was then transported to Maricopa County where he admitted to violating probation by committing a new crime. The Maricopa County court revoked probation and sentenced him to five years in prison for sexual abuse and ten years in prison for attempted child molestation. The sentences were ordered to run concurrently with each other and with the sentence in the Gila County. The Maricopa County court awarded Cutrone 547 days of presentence incarceration credit on the sexual abuse conviction, and 729 days of credit on the attempted child molestation conviction, recognizing he had previously served six months in jail as a condition of probation on that count. Those credits included credit from the November 2019 date when the petition to revoke probation with warrant was filed until the date Cutrone was sentenced.

¶8        Cutrone timely filed for post-conviction relief, claiming another 427 days of presentence incarceration credit, consisting of the September 2018 date when the State filed the warrantless petition to revoke through the November 2019 date when the State filed the petition with the request for a warrant. *See* Ariz. R. Crim. P. 33.1(c); A.R.S. § 13-712(B). He contended that he would have received credit for that period had the State filed the correct petition and that depriving him of credit solely based on the State's mistake violated his due process and equal protection rights. *See* Ariz. R. Crim. P. 33.1(a); U.S. Const. amend. XIV; Ariz. Const. art. 2, §§ 4, 13. Cutrone also asserted IAC, arguing his attorneys failed to properly argue that he receive credit. *See* Ariz. R. Crim. P. 33.1(a). The court summarily dismissed Cutrone's claims. This court has jurisdiction to review that decision under Ariz. R. Crim. P. 33.16 and A.R.S. § 13-4239(C).

## DISCUSSION

¶9        "All time actually spent in custody pursuant to an offense until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment." A.R.S. § 13-712(B). The defendant has the burden to establish a right to credit. *State v. Cecena*, 235 Ariz. 623, 625–26 ¶ 10 (App. 2014). This court reviews the denial of post-conviction relief for an abuse of discretion, *State v. Seay*, 232 Ariz. 146, 147

¶ 1 (App. 2013), but reviews the calculation of presentence incarceration credit and questions of statutory interpretation de novo, *State v. Lambright*, 243 Ariz. 244, 249 ¶ 9 (App. 2017).

**¶10** Cutrone has not shown that the superior court abused its discretion in denying his petition because he has shown no right to more presentence incarceration credit. Cutrone's argument that he would have received credit had the State petitioned to revoke seeking a warrant in September 2018 presupposes that his right to credit hinged on issuance of the warrant. But even though the court, without objection by the State, awarded him credit from the November 2019 date that the warrant issued, such award appears to conflict with prior decision. When a defendant is in custody on one offense and a hold is placed on the defendant for a different charge, the defendant has no right to credit for the second charge based only on the issuance of the hold. *See State v. Horrisberger*, 133 Ariz. 569, 570 (App. 1982) (reasoning that if a defendant cannot satisfy the release conditions for the first offense, the hold for the second offense "never [comes] into play" and the defendant cannot show "that his custody was time spent 'pursuant to' his [second] offense"); *see also Cecena*, 235 Ariz. at 626 ¶ 10 (to receive credit for custodial time in another jurisdiction, the defendant must show that the offense for which credit is sought was a "but for" cause of such custody).

**¶11** Even assuming credit was correctly awarded from the date the petition seeking a warrant was filed, Cutrone has not established a right to credit from the date that the warrantless petition was filed. A defendant has a right to credit for "[a]ll time actually spent in custody pursuant to an offense." A.R.S. § 13-712(B). Because no warrant issued in the Maricopa County case until November 2019, Cutrone's custody in Gila County before that date was not "time actually spent in custody" for the Maricopa County case. That the State *could have* sought a warrant for his arrest at an earlier date does not entitle him to credit from that earlier date under A.R.S. § 13-712(B).

**¶12** Cutrone correctly notes that courts have awarded equal presentence incarceration credit toward concurrent sentences. *See, e.g.*, *State v. Cruz-Mata*, 138 Ariz. 370, 374–76 (1983). But imposition of concurrent sentences does not entitle a defendant to receive equal credit. The defendant must still show that he or she was held in presentence custody "pursuant to" each offense. In *Cruz-Mata*, for example, the defendant received concurrent sentences for offenses that were committed on the same occasion and charged in the same case. *See id.* at 371–72 (felony murder and armed robbery). In *State v. Brooks*, the defendant received equal credit for

concurrent sentences for a probation violation and a new offense based on an express finding that the defendant was held "in custody *on both warrants*." 161 Ariz. 177, 181 (App. 1989) (emphasis added).

¶13        Cutrone's situation, by contrast, is closer to *State v. San Miguel*, 132 Ariz. 57 (App. 1982). There, the defendant received concurrent sentences for trafficking stolen property and a probation violation triggered by the trafficking charge. *Id.* at 58. The defendant was arrested on the same date for both offenses, but he was released on the trafficking charge while being held without bond on the petition to revoke probation. *Id.* The defendant argued that because the trafficking charge was "the only basis on which he was being held on the petition to revoke probation," he should receive credit toward the trafficking sentence despite being "technically" released on that count. *Id.* at 60. This court rejected that argument, reasoning that statute was "clear" that defendant's release status on the trafficking count meant he was not "actually . . . in custody pursuant to" that charge. *Id.* at 60–61. The same analysis applies here. Because Cutrone was not held on the probation violation charge during the time that the warrantless petition to revoke was in effect, A.R.S. § 13-712(B) does not entitle him to credit for that time.

¶14        Given the plain language of A.R.S. § 13-712(B), Cutrone argues due process and equal protection require a different result. While equal protection dictates that a defendant unable to make bond receive credit for presentence custody, *see State v. Sutton*, 21 Ariz. App. 550 (1974), Cutrone was not treated differently here because of his inability to make bond. Cutrone posits that had he "been wealthier and posted bond on the Gila County matter, he would not have been deprived of the 427 days of custody that he currently stands deprived of." But Cutrone has not been deprived of those days because they were credited toward his sentence in the Gila County case. Nor does Cutrone show that the delay in issuing an arrest warrant violated his due process rights. *See State v. Lacy*, 187 Ariz. 340, 346 (1996) (due process violation based on preindictment delay requires "proof of an intentional delay for strategic or harassment purposes"). And Cutrone had no right to be arrested on any particular date. *See Hoffa v. United States*, 385 U.S. 293, 310 (1966) ("There is no constitutional right to be arrested."); *State v. Monaco*, 207 Ariz. 75, 80–81 ¶ 17–18 (App. 2004) (defendant "had no individual right to be arrested after [his] first narcotics sale" even though an earlier arrest might have led to a lighter punishment).

**¶15**     Nor has Cutrone shown the superior court abused its discretion by denying his IAC claims. A defendant establishes an IAC claim by showing both "that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 8 (2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). To receive an evidentiary hearing, the defendant must allege facts that, "if true, would *probably* have changed the verdict or sentence." *Bigger*, 251 Ariz. at 407 ¶ 9 (quoting *State v. Amaral*, 239 Ariz. 217, 220 ¶ 11 (2016)). Given the application of A.R.S. § 13-712(B) discussed above, Cutrone has not shown that he probably would have received more credit had defense counsel tried to get a new petition to revoke filed, or advocated for more credit at the sentencing hearing.

## CONCLUSION

**¶16**     For these reasons, this court accepts review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:     AA