564 P.2d 1266
**James A. SMITH, Appellant,**

v.

**Mary Lee SMITH, Appellee.**

**No. 1 CA–CIV 3248.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 26, 1977.

Richard R. Brennan, Phoenix, for appellant.

Warner & Angle, by Donald J. Newman, Jerry L. Angle, Phoenix, Donald L. Jason, Scottsdale, for appellee.

## OPINION

JACOBSON, Presiding Judge.

We are only concerned in this appeal with whether the appellant-husband, James A. Smith, was denied a fair and impartial trial because of the failure of the trial judge to be disqualified.

This action for dissolution of marriage was instituted by the appellee-wife, Mary Lee Smith, on October 23, 1974. At the time the complaint for dissolution was filed, the marriage had lasted approximately fourteen months. As part of the dissolution proceedings, the wife obtained a temporary restraining order, which among other things, restrained the defendant from contacting or molesting the wife. This temporary restraining order was, upon stipulation, made permanent during the dissolution proceedings.

On February 26, 1975, the wife, upon a verified petition, obtained an order to show cause as to why the husband should not be held in contempt for violating the terms of the permanent injunctions prohibiting the husband from molesting the wife. The trial court as part of this order to show cause also issued a body attachment against the husband. Pursuant to this body attachment, the husband was arrested and brought before the Honorable Frederic Heineman on February 28, 1975 at 3:30 P.M.

At that appearance, the husband was represented by counsel and moved for a continuance of the contempt hearing and for bail. The request for bail was denied, the request for a continuance was granted, and the matter continued until March 4, 1975, but the husband was remanded to the sheriff to remain in the county jail until the hearing on the contempt citation.

Immediately following this hearing, on February 28, 1975, the husband prepared an affidavit of bias and prejudice against Judge Heineman, alleging actual bias. The actual bias alleged was that the husband had filed a Special Action in the Supreme Court, seeking extraordinary relief and that the husband contemplated filing a civil action against Judge Heineman, seeking damages for the alleged illegal incarceration of the husband pursuant to the body attachment. This affidavit was left with Judge

Heineman's secretary, but was not filed with the Clerk of the Superior Court, nor served on the presiding judge of Maricopa County or the court administrator as required by Rule 42(f)(2)(B), Rules of Civil Procedure, 16 A.R.S. This affidavit was not filed with the Clerk of the Superior Court until March 7, 1976, one day after the contempt hearing was completed.

On March 3, 1975, the husband filed a Special Action in the Supreme Court seeking the removal of Judge Heineman. No stay of the pending contempt hearing was made by the Supreme Court and the Supreme Court set the Special Action for hearing on March 18, 1976. On that date, the Supreme Court declined to accept jurisdiction of the Special Action petition.

In the meantime, the contempt hearing proceeded as scheduled before Judge Heineman, who found the husband guilty of criminal contempt and placed him on probation for six months. The husband was released from jail. The husband has raised no issue in the appeal concerning the propriety of that contempt order.

On March 5, 1976, the husband filed a separate civil action against Judge Heineman and others, seeking damages for his alleged illegal incarceration pursuant to the body attachment. This action was subsequently dismissed with prejudice after the termination of this litigation. No appeal was taken from that dismissal and that action is now final.

Following the Supreme Court's denial of the Special Action petition on March 18, 1976, Judge Heineman denied the change of judge requested by the affidavit. This resulted in a second Special Action petition by the husband to the Supreme Court and that court subsequently declined to accept jurisdiction of that petition.

Following the Supreme Court's refusal to accept jurisdiction of the second Special Action petition, the husband on April 25, 1976 filed a second affidavit of bias and preju-dice against Judge Heineman, again alleging actual bias on the basis of the pending civil action for damages by the husband against Judge Heineman. This affidavit was properly filed and served pursuant to Rule 42, Rules of Civil Procedure, 16 A.R.S. The affidavit for actual bias was heard by Judge Robert C. Broomfield, Presiding Judge, Maricopa County Superior Court, who denied the change of judge.

The complaint for dissolution then proceeded to trial on its merit before Judge Heineman. At the time of trial the husband filed a document entitled "Notice of Election". This document purported to state that the husband, while being present at the trial, would refuse to testify or in any manner participate in the trial before Judge Heineman, unless ordered by Judge Heineman to testify in which event he would do so in order to avoid further contempt proceedings. At trial, the wife's counsel called the husband, who refused to take the stand unless ordered to do so by Judge Heineman. Judge Heineman did not so order. Following the presentation of evidence by the wife, and the husband's refusal to present any evidence, Judge Heineman entered a judgment dissolving the marriage of the parties [1] and dividing the community property acquired by the parties during the fourteen month marriage.

The appellant husband has not supplied this court with a transcript of the proceedings before Judge Broomfield on the hearing of the removal of Judge Heineman for cause or of the actual trial of this matter.

The husband raises the following issues on appeal:

(1) The husband's illegal incarceration as a result of the body attachment operated to deny him due process of law, and

(2) The refusal to remove Judge Heineman as the trial judge operated to deny him a fair and impartial tribunal.

---

1. The parties have stipulated that regardless of the outcome of this appeal, that portion of Judge Heineman's judgment dissolving the marriage of the parties shall stand.

The husband has neither alleged nor argued that Judge Heineman's judgment, in fact, operated to his detriment or prejudice.

We are somewhat at a loss in following the husband's first argument. The only relief he requests in this matter is that this matter be sent back for a new trial before a new judge. Thus, assuming for the purpose of argument, that the husband was illegally incarcerated, there is no allegation that this incarceration in and of itself, affected his ability to obtain a fair trial. We perceive the argument to be that his incarceration is evidence of Judge Heineman's actual bias and prejudice and as a result of that bias and prejudice he was, as a matter of law, denied a fair trial. We therefore deal with the argument under the husband's second issue.

Under the husband's argument that Judge Heineman should have been removed as the trial judge, he makes two contentions. The first is that Judge Heineman improperly denied the first affidavit of bias and prejudice as this determination under A.R.S. § 12–409 where actual bias is alleged must be made by another judge. A.R.S. § 12–409 in pertinent part provides:

"A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B [grounds setting forth actual bias], *the judge shall at once transfer the action to another division of the court . . . ."* (emphasis added)

The wife counters this argument by contending that the first affidavit was a nullity as it was neither filed in the office of the Clerk of Court nor served on the presiding judge and court administrator as provided by Rule 42(f)(2)(B), Rules of Civil Procedure, 16 A.R.S.

■ We do not need to determine these issues, for in our opinion, the proceedings under the first affidavit have been rendered moot. The only proceedings occurring before Judge Heineman between the filing of the first affidavit of bias and the second, was the hearing on contempt. The husband has raised no issue in this court concerning the propriety of that contempt proceeding. Moreover, the second affidavit of bias and prejudice, which alleged the same grounds as the first, was properly filed and served and was heard by a judge other than Judge Heineman. We therefore determine any impropriety in Judge Heineman's ruling on the first affidavit has been rendered moot by the second affidavit which was filed and properly heard prior to the proceedings from which the husband seeks relief.

■ The husband next contends that the second affidavit of bias and prejudice should have been granted. Since the husband has failed to supply this court with a transcript of the hearing before Judge Broomfield on the second affidavit of bias and prejudice, we must assume that the evidence presented at that hearing supports Judge Broomfield's denial of the removal of Judge Heineman. *Riley v. Jones*, 6 Ariz. App. 120, 430 P.2d 699 (1967). Such evidentiary matters would include whether the incarceration of the husband was evidence of actual bias and prejudice and whether Judge Heineman entertained actual bias against the husband.

■ However, even where no transcript is forwarded on appeal, this court is required to consider questions of law presented by the record. *Orlando v. Northcutt*, 103 Ariz. 298, 441 P.2d 58 (1968). The only question falling into this category is whether, as a matter of law, the pendency of a civil action between the judge and the party appearing before him, which action arose out of an underlying action over which the judge presides, is sufficient to disqualify the judge from continuing with the underlying action. The husband, in contending that the existence of litigation between himself and the judge operates as a matter of law to disqualify the judge relies primarily upon Canon 29, Canons of Judicial Ethics, which provides as follows:

"A judge should abstain from performing or taking part in any judicial act in which his personal interests are involved. If he has personal litigation in the court of which he is judge, he need not resign his judgeship on that account, but he should, of course, refrain from any judicial act in such a controversy."

In our opinion, this canon is not directly applicable to the situation presented by these facts and is simply the codification of the common law maxim that a person cannot be a judge of his own cause. *See Ison v. Western Vegetable Distributors*, 48 Ariz. 104, 59 P.2d 649 (1936). We would agree, however, that normally a judge should not sit on litigation involving a party who is a party to other litigation in which the judge himself is a litigant. *See* Rule 45, Rules of the Supreme Court, 17A A.R.S.

■ For several reasons, we do not believe that general principle, as a matter of law, operates as an automatic disqualification. First, the litigation involving the judge and the husband did not arise out of any prior dealings between the judge and husband, separate and apart from the litigation in which the judge was already sitting. It is generally conceded that the bias and prejudice necessary to disqualify a judge must arise from an extra-judicial source and not from what the judge has done in his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966).

■ Second, the rule is that where a party acts deliberately and with an ulterior motive in such a way as to cause the judge to become biased and prejudiced against that party, he is not entitled to have the judge disqualified. *Ponder v. Davis*, 233 N.C. 699, 65 S.E.2d 356 (1951); *In Re Union Leader Corporation*, 292 F.2d 381 (1st Cir.), cert. den'd., 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed.2d 190 (1961). At time of oral argument in this matter, counsel for the husband admitted that the reason an appeal was not taken from the dismissal of the husband's action against the judge was that the doctrine of judicial immunity would have precluded a successful appeal of that dismissal. We assume counsel knew or should have known of that doctrine prior to the institution of the litigation, thereby casting serious doubts that the litigation was founded upon proper motives in the first instance.

Third, and more importantly, if we were to hold as a matter of law that a party can obtain a disqualification of a sitting judge merely by filing suit against him, the orderly administration of judicial proceedings would be severely hampered and thwarted. As was stated in *Commonwealth v. Murphy*, 295 Ky. 466, 471, 174 S.W.2d 681, 683 (1943):

"[I]t may be readily agreed that the filing of a sham or frivolous pleading in which the presiding judge of the court where the case is to be tried is made a party for the sole purpose of disqualifying him is reprehensible and should not be countenanced or the purpose allowed to be accomplished."

We do not mean to indicate that the action brought by the husband against the judge here was a sham or frivolous, merely that we do not intend to add to the statutory grounds set forth in A.R.S. § 12–409(B) which act to disqualify a judge for cause a disqualification as a matter of law entitled "suit against judge". We also point out that if, under the circumstances of this case, Judge Broomfield had found Judge Heineman to be in fact biased and prejudiced against the husband, he should have sustained his disqualification. However, as previously pointed out, without a transcript of those proceedings we must assume the evidence did not justify such a conclusion.

■ Having concluded that Judge Heineman should not have been disqualified as a matter of law, the judgment is affirmed.

OGG, J., and FROEB, C. J., Division 1, concur.