IN RE DISQUALIFICATION OF HUNTER: WALTON *v.*
OLD REPUBLIC INSURANCE COMPANY ET AL.

[Cite as In re Disqualification of Hunter (1988), 36 Ohio St. 3d 607.]

(No. 88-AP-062—Decided April 1, 1988.)

MOYER, C.J. The affidavit of disqualification filed herein alleges three grounds for the disqualification of Judge John G. Hunter, in case No. 88-CV-12 in the Court of Common Pleas of Wyandot County. First, it is alleged that Judge Hunter "has had several arguments and disagreements with plaintiff in this matter." However, nothing is offered to explain the nature or context of these alleged "arguments and disagreements." The mere fact that a party disagrees with a judge's opinions of law is not grounds for the judge's disqualification.

Second, it is alleged that plaintiff, William J. Walton, is also plaintiff in two civil actions in which Judge Hun-

ter is a defendant, listed as case Nos. 87-4057 and 87-CV-80. However, Wyandot County Common Pleas case No. 87-CV-80 was transferred to the United States District Court for the Northern District of Ohio, Western Division, and dismissed by Judge John W. Potter of the court on January 27, 1988. This fact is contrary to the assertion that both actions are still pending. Furthermore, the fact that a judge may be an adverse party in another case will not by itself automatically result in disqualification, particularly where, as here, a party has demonstrated a pattern of filing lawsuits against judges assigned to his cases, as plaintiff William Walton has done:

"[I]f we were to hold as a matter of law that a party can obtain a disqualification of a sitting judge merely by filing suit against him, the orderly administration of judicial proceedings would be severely hampered and thwarted." *Smith* v. *Smith* (App. 1977), 115 Ariz. 299, 303, 564 P. 2d 1266, 1270.

The third allegation, that Judge Hunter allowed the defendant to plead out of rule in case No. 88-CV-12, is a legal issue to be decided on appeal and is not a subject for an affidavit of disqualification.

For these reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.

The statutory right to seek disqualification of a judge is an extraordinary remedy not to be used in a frivolous manner. Furthermore, we note the factual errors made by counsel in Paragraph 4 of the affidavit. Counsel should verify the status of other cases filed by his own client to avoid including erroneous statements of fact in an affidavit.

Plaintiff and his counsel are reminded that the filing of frivolous, unsubstantiated, or repeated affidavits could result in appropriate sanctions being taken against the party or his counsel.