IN RE DISQUALIFICATION OF KILPATRICK: PFEIFFER v. PASICK.

[Cite as In re Disqualification of Kilpatrick (1989), 47 Ohio St. 3d 605.]

(No. 89-AP-179—Submitted and decided October 2, 1989.)

MOYER, C.J. The affidavit of disqualification herein was filed by plaintiff Martha Pfeiffer seeking the disqualification of Judge W. Erwin Kilpatrick from further proceedings in case No. 88-3878 in the Court of Common Pleas of Montgomery County.

The affidavit alleges that a previous case involving the same parties was erroneously dismissed with prejudice by Judge Kilpatrick, and that dismissal is now on appeal. It is further alleged that as a result of that dismissal, affiant has filed a complaint against Judge Kilpatrick. Although the affidavit does not so state, it is assumed that affiant filed her complaint with the Disciplinary Counsel, since the affidavit alleges the complaint was filed "with the Supreme Court * * *."

Finally, affiant believes that Judge Kilpatrick will deny her request for a continuance of the upcoming trial.

Alleged errors of law or procedure are legal issues subject to appeal and are not grounds for disqualification. *In re Disqualification of Light* (1988), 36 Ohio St. 3d 604, 522 N.E. 2d 458. Further, a judge's ruling on a motion for a continuance is not by itself evidence of bias or prejudice. *In re Disqualification of Spahr* (1987), 36 Ohio St. 3d 603, 522 N.E. 2d 457.

Complaints filed with the Disciplin-

ary Counsel are, by rule, confidential at the preliminary stage, and this court has no independent knowledge of whether the claim that such a complaint has been filed is true.

A judge is presumed to be fair and impartial, and there is no evidence to suggest that the filing of such a complaint, even if true, has affected or would affect the conduct of this judge.

This court has previously held that a judge is not automatically disqualified solely because a litigant in a pending case before the judge has named that judge as a defendant in a separate action. *In re Disqualification of Hunter* (1988), 36 Ohio St. 3d 607, 522 N.E. 2d 461. It follows that a judge is not automatically disqualified solely because a party in a case pending before him or her has filed a complaint against the judge with Disciplinary Counsel or a similar body. To hold otherwise would invite the filing of misconduct complaints solely to obtain a judge's disqualification, and "the orderly administration of judicial proceedings would be severely hampered and thwarted * * *." *Smith* v. *Smith* (App. 1977), 115 Ariz. 299, 303, 564 P. 2d 1266, 1270.

For the foregoing reasons, the affidavit of disqualification is found not well-taken and is hereby dismissed.