NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JENNIFER MELISSA PRESCOTT, *Petitioner/Appellee*,

*v.*

BRIAN LEE PRESCOTT, *Respondent/Appellant*.

No. 1 CA-CV 15-0669 FC
FILED 7-5-2016

Appeal from the Superior Court in Maricopa County
No. FC2014-052276
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Jennifer M. Prescott, Phoenix
*Petitioner/Appellee*

Brian Prescott, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Peter B. Swann joined.

---

**T H O M P S O N**, Judge:

¶1　　　　Brian Lee Prescott (father) appeals from the family court's order granting Jennifer Melissa Prescott's (mother) petition to modify legal decision-making authority and parenting time. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　Mother and father were married in August 2010, and mother gave birth to their daughter two months later.  After an evidentiary hearing, their marriage was dissolved pursuant to a decree of dissolution entered on September 3, 2014.　The decree granted joint legal decision-making authority and designated mother as the primary residential parent.  Father was awarded parenting time one week each month and three consecutive weeks during summer vacation.  The court also awarded mother child support payments of $769.01 per month from May 2014 through August 2014, and child support payments of $848.76 per month thereafter.

¶3　　　　In April 2015, father filed a petition to modify custody, parenting time and child support. Father sought sole legal decision-making authority, a designation as primary residential parent, and child support payments from mother based on his claim that mother's fourteen year old son sexually abused daughter.  Mother opposed father's petition, and filed a cross-petition for sole legal decision-making authority based on father's failure to disclose a prior driving under the influence conviction, his false allegations of sexual abuse, and behavior that made joint parenting problematic.

¶4　　　　After an evidentiary hearing, the court made its own detailed and specific findings concerning changed circumstances and the relevant factors identified in Arizona Revised Statutes (A.R.S.) § 25-403 (Supp.

2015).[1]  Based on its findings, the court awarded mother sole legal decision-making authority. The court awarded father the following parenting time: every other weekend, seven consecutive days during daughter's summer vacation, and alternating holidays.  Finally, the court awarded mother her reasonable attorney fees and costs pursuant to A.R.S. §§ 25–324(A), (B) (Supp. 2013), and -415 (Supp. 2013).

**¶5**         Father timely appealed.[2]  This court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (2016) and -2101(B) (2016).

---

[1]      Those factors are: (1) the past, present and future relationship between each parent and the child; (2) the interaction of the child with her parents, siblings, or any other person who may significantly affect the child's best interests; (3) the child's adjustment to home, school and community; (4) if the child is of suitable age,  his or her wishes regarding legal decision-making and parenting time; (5) the mental and physical health of all individuals involved; (6) which parent is more likely to allow the child frequent and meaningful continuing contact with the other parent; (7) whether a parent intentionally misled the court to cause unnecessary delay, increase the cost of litigation, or persuade the court to give legal decision-making  or parenting time preference to the parent; (8) whether there has been any domestic violence or child abuse; (9) the nature and extent of any coercion or duress used by a parent in obtaining an agreement regarding legal decision-making  or  parenting time; (10) parental compliance with chapter 3 article 5 of Title 25 (requiring completion of a domestic relations educational program); and (11) any conviction for false reporting of child abuse or neglect.  A.R.S. § 25-403(A) (2015).

[2]      On March 14, 2016, mother filed a "Motion to Dismiss, Affirm, Strike, and/or Apply Rule 25 Sanction."  We considered this motion, the response, and reply.   This court previously denied the motion to dismiss the appeal and affirm the judgment below.  We also struck pages 11-25 of mother's motion because those pages contained argument concerning father's reply brief.  *See* ARCAP 13 (stating that a party is not permitted to file a response to a reply brief without the court's permission). We further denied mother's motion to strike evidence submitted by father in his reply brief appendix which was not in the record as she did not specify which documents she was requesting the Court strike.  *See GM Dev. Corp. v. Cmty. Am. Mortgage Corp.*, 165 Ariz. 1, 4-5, 795 P.2d 827, 830-31 (App. 1990).   We now additionally deny mother's motion for sanctions against father which she makes pursuant to ARCAP 25 (stating sanctions may be awarded if appeal

**DISCUSSION**

**¶6** The court reviews petitions for modifying child custody arrangements "in accordance with the best interests of the child."[3] A.R.S. § 25-403(A). The court has broad discretion in deciding whether to modify a child custody order, and we will defer to its ruling absent clear abuse of that discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7, 79 P.3d 667, 669 (App. 2003) (custody); *Armer v. Armer*, 105 Ariz. 284, 289, 463 P.2d 818, 823 (1970) (parenting time). "An abuse of discretion exists when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14, 66 P.3d 70, 73 (App. 2003).

**¶7** Father argues that the court's order awarding mother sole legal decision-making authority was not supported by the evidence. However, father failed to provide this Court with transcripts from the court proceedings. As the appellant, it is father's responsibility to ensure the record on appeal contains all transcripts and documents necessary to address the issues raised on appeal. *Id*. at 30, ¶ 16, 66 P.3d at 73; *see also* ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that

---

is "frivolous or was filed solely for the purpose of delay"), and ARCAP 11 (imposing a duty on appellants to ensure the record on appeal contains transcripts and necessary documents). Mother also avers that a "Rule 52" supports her request for sanctions, however, there is no ARCAP 52 and Arizona Rules of Civil Procedure 52, discusses amendments and findings, not sanctions. ARCAP 25 is the only rule mother cites that would permit us to administer sanctions against father. We decline to conclude that father's appeal is either frivolous or taken solely for delay; we accordingly deny mother's request for sanctions.

[3] Before a court can modify a custody order, there must be a substantial and continuing change of circumstances materially affecting the welfare of the child. *Hendricks v. Mortensen*, 153 Ariz. 241, 243, 735 P.2d 851, 853 (App. 1987). Father does not dispute circumstances changed since the decree was entered, and the court found there was little co-parenting in the prior year, father failed to comply with court orders, and modification of the custody order was in daughter's best interest. *See* A.R.S. § 25-411(A), (J) (Supp. 2015).

judgment, finding or conclusion."). Consequently, we must assume the missing items support the court's findings and conclusions.[4] *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995).

**¶8** The limited record before this court reveals that the court did not abuse its discretion in granting mother's petition to modify legal decision-making and awarding mother sole custody. The court's decision indicates it specifically and thoroughly considered the relevant statutory factors and placed its findings on the record. *See* A.R.S. § 25-403 (A), (B); *Downs v. Scheffler*, 206 Ariz. 496, 500, ¶ 16, 80 P.3d 775, 779 (App. 2003). Regarding the factors father specifically contests, the court found "both parents have good relationships with [daughter] . . . [t]he [c]ourt does, however, have concerns about father's poor choices and how those choices have impacted his daughter." *See* A.R.S. § 25-403(A)(1). Further, the court found that daughter is "well-adjusted to mother's home and community," but the court "has repeated examples of father's lack of veracity and, thus, can only give partial weight to father's claims that [daughter] thrives in his care." *See id*. § 25-403(A)(3). Without a transcript, we cannot conclude that these findings are improper or unsupported. *See Baker*, 183 Ariz. at 73, 900 P.2d at 767.

**¶9** Nevertheless, father contends that with the exception of his prior driving under the influence conviction, the court cited no evidence to support its "concerns about father's poor choices and how those choices have impacted his daughter." We disagree. The court found that father made false claims of daughter's sexual abuse and sexual misconduct by mother's son in order to gain an advantage in this case. The court noted that father did not report daughter's sexual abuse or any prior sexual misconduct by mother's son until after the court held multiple hearings on father's noncompliance with its orders and denied father's repeated verbal requests for 50/50 parenting. Text messages between the parties revealed that father "attempt[ed] to manipulate mother into agreeing to a 50/50 parenting schedule by claiming [her son] is a perpetrator." The court also

---

[4] We also note that father failed to adequately support his arguments in his opening brief. *See* ARCAP 13(a)(7) (requiring the opening brief to contain "[a]ppellant's contentions concerning each issue presented for review . . . with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"). Although we could treat father's issues presented on appeal as waived, we decline to do so. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007) (recognizing that an argument is waived on appeal if the opening brief lacks citations to supporting authority).

found that father "coached" daughter to provide answers to leading questions to support his claim of sexual abuse, and failed to provide evidence at the hearing to support his claims of sexual misconduct by mother's son. As a result of father's allegations, daughter "suffered physical examinations, multiple interviews with professionals, and increased conflict between the parents."

¶10 Father also argues there was insufficient evidence to support the court's decision to "only give partial weight to father's claims that [daughter] thrives in his care," and its finding that daughter has only "spent limited time in father's physical residence." Father essentially argues that the court ignored evidence, failed to properly evaluate the evidence, and improperly rejected his testimony. Much of father's argument on appeal is a request for a different weighing of the evidence, which is not appropriate for appellate review. *See In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13, 975 P.2d 704, 709 (1999); *Hurd*, 223 Ariz. 48, 52, ¶ 16, 219 P.3d 258, 262 ("Our duty on review does not include re-weighing conflicting evidence or re-determining the preponderance of the evidence."). We will not second-guess the court's credibility determinations, but only determine whether reasonable evidence supports its decision. *Rowe v. Rowe*, 154 Ariz. 616, 620, 744 P.2d 717, 721 (App. 1987). Father's disagreement with the court's analysis of the statutory factors does not establish an abuse of discretion. *See Hurd*, 223 Ariz. at 52, ¶ 16, 219 P.3d at 262.

¶11 In awarding sole legal decision-making authority to mother, the court stated that it had "considered the evidence, including the demeanor of the witnesses, reviewed the exhibits as well as the case history, and considered the parties' arguments." Because the court made all relevant findings as required under A.R.S. § 25-403 (A), and its findings are supported by the record, there was no error.

¶12 Father next argues the court's award of sole legal decision making authority to mother was based on the court's biased opinion of father. The court is presumed to be unbiased, and the party seeking removal must show actual bias by a preponderance of the evidence. *See State v. Hurley*, 197 Ariz. 400, 404-05, ¶ 24, 4 P.3d 455, 459-60 (App. 2000). Moreover, "[i]t is generally conceded that the bias and prejudice necessary to disqualify a judge must arise from an extra-judicial source and not from what the judge has done in his participation in the case." *Smith v. Smith*, 115 Ariz. 299, 303, 564 P.2d 1266, 1270 (App. 1977). Father offered no admissible evidence or transcripts establishing any improper comments, conduct, or alleged bias by the court. Thus, father failed to establish bias or prejudice in this case.

¶13 Lastly, father argues that the court erred in awarding mother her attorney's fees because he did not present a false claim about daughter's sexual abuse. We review the attorney's fees award for abuse of discretion. *In re Marriage of Berger*, 140 Ariz. 156, 167, 680 P.2d 1217, 1228 (App. 1983).

¶14 In awarding mother's attorney's fees, the court found that:

> There is no substantial disparity of financial resources between the parties. . . .
>
> Father did act unreasonably in the litigation. Specifically, father acted unreasonably by failing to comply with Court Orders, making spurious accusations against [m]other and her other child, subjecting [daughter] to unnecessary evaluations, and his lack of veracity to the court. . . .
>
> [T]he provisions of A.R.S. § 25-324(B) apply because the petition was not filed in good faith, the petition was not grounded in fact or based on law, and the petition was filed for an improper purpose, such as to harass the other party, to cause an unnecessary delay or to increase the cost of litigation to the other party. . . .
>
> Father knowingly presented a false claim . . . such that an award of attorney fees and costs is appropriate under A.R.S. § 25-415.

A.R.S. §§ 25-324(A), (B), -415.

¶15 In deciding whether to award attorneys' fees, the court was presented with and carefully considered evidence related to the financial resources of the parties, including the parties' testimony and affidavits of financial information filed by each party.[5] Sufficient evidence in the record supports the court's determination that there was "no substantial disparity of financial resources" between mother and father; father "acted unreasonably" by failing to comply with court orders, making false claims against mother and her child; and father did not file the petition in good faith. We find no abuse of the court's discretion in awarding attorneys' fees to mother.

---

[5] We reject father's argument that the court erred in not including the income of mother's live-in boyfriend in mother's financial resources.

## CONCLUSION

**¶16** For the foregoing reasons, we affirm. Mother requests an award of costs on appeal. As the successful party to this appeal, we award mother her costs on appeal pursuant to A.R.S. § 12-341 (2016) upon her compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: AA