**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, | ) C.A. No. N17L-06-100 EMD<br>) TAX PARCEL NO. 06-096.00-167<br>) |
| | ) Sci. Fa. Sur Mortgage Action |
| Plaintiff, | ) In Rem |
| | ) |
| v. | ) |
| | ) MORTGAGE INSTRUMENT |
| JOSEPH ELAD A/K/A JOSEPH B ELAD, | ) #20080425-0028423 |
| FAITH ELAD A/K/A FAITH B ELAD, and | ) ASSIGNMENT INSTRUMENT |
| UNITED STATES OF AMERICA, | ) #20170419-0019341 |
| | ) |
| Defendants. | ) |

Submitted: July 8, 2022
Decided: August 17, 2022

*Upon Defendant Joseph B. Elad's Motion for Recusal of Judge Eric M. Davis*
***DENIED***

Janet Z. Charlton, Esquire, McCabe, Weisberg & Conway, LLC, Wilmington, Delaware
*Attorney for Plaintiff Branch Banking and Trust Company.*

Joseph B. Elad, *pro se.*

**DAVIS, J.**

## I.     INTRODUCTION

This is a *Sci. Fa. Sur* mortgage foreclosure action. Presently before the Court is the Motion for Recusal of Judge Eric M. Davis (the "Motion")[1] filed by Defendant Joseph B. Elad. The Court has reviewed the Motion and the entire docket in this civil action. The Court has determined that no hearing is necessary on the Motion. For the reasons set forth below, the Motion is **DENIED**.

---

[1] D.I. No. 84.

## II.     GENERAL BACKGROUND

Plaintiff Branch Banking and Trust Company ("BB&T") filed this action on June 23, 2017.[2]  BB&T had to file this action in the Court as the Court has subject matter jurisdiction over *Sci. Fa. Sur* Mortgage Actions.[3]

The docket reflects that BB&T holds a mortgage on 2700 Philadelphia Pike, Claymont, Delaware 19703 (the "Property") through an assignment.  The New Castle Recorder recorded the mortgage on April 25, 2008.[4]  The New Castle Recorder recorded the assignment on April 19, 2017.[5]  BB&T attached a copy of the recorded Mortgage and the recorded Assignment of Mortgage to the Complaint.[6]  BB&T did so to demonstrate it has a valid lien on the Property.

BB&T served the property owners, Mr. Elad and Faith Elad.[7]  Thereafter, the parties engaged in Court mediation.[8]  Mr. Elad agreed to[9] and participated in the mediation process.[10]  The mediation did not result in a resolution.[11]  After the final mediation session, "the parties agree[d] that [BB&T] shall not seek a default judgment before July 1, 2018."[12]

No answer was ever filed in this civil action.  A default judgment was entered on August 15, 2018.[13]

---

[2] D.I. No. 1.
[3] 10 Del. C. § 5061.
[4] Compl., Ex. A.
[5] *Id.*, Ex. B.
[6] D.I. No. 1.
[7] D.I. Nos. 9, 10, 12 and 13.
[8] D.I. Nos. 11, 17, 18, 19, 20, 21 and 22.
[9] D.I. No. 19.
[10] D.I. Nos. 18, 19, 21 and 22.
[11] D.I. No. 22.
[12] D.I. No. 22.
[13] D.I. No. 25.  The previous default judgment, erroneously entered on November 30, 2017, was vacated without prejudice on November 2, 2018.  D.I. Nos. 28 and 29.

BB&T began the sheriff's sale process, noticing the sale for June 11, 2019.[14] BB&T provided notice of the sale on Mr. Elad and Ms. Elad.[15] Mr. Elad filed for bankruptcy on June 7, 2019 in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").[16] The Bankruptcy Court dismissed Mr. Elad's bankruptcy on September 24, 2019.[17]

On February 6, 2020, BB&T filed with the Court another notice of sheriff's sale.[18] The proposed date for the sale was February 11, 2020.[19] BB&T filed the notice on Mr. Elad and Ms. Elad.[20] Ms. Elad then filed for bankruptcy on February 7, 2020.[21] The Bankruptcy Court dismissed Ms. Elad's bankruptcy on May 18, 2020.[22]

After dismissal of Ms. Elad's bankruptcy case, BB&T reset the prosecution of this action. Judgment was entered on September 8, 2021.[23] BB&T proceeded to a sheriff's sale. BB&T published notice of the sale.[24] On March 8, 2022, BB&T purchased the Property at the sheriff's sale for $356.250.[25]

Mr. Elad has filed several motions for reconsideration and to vacate. Among other things, Mr. Elad has contended lack of notice and lack of subject matter jurisdiction. Presently, Mr. Elad contends that BB&T is a fictious entity and that I am conspiring with BB&T to deprive Mr. Elad of the Property and his due process rights.

---

[14] D.I. No. 35.
[15] D.I. No. 35.
[16] D.I. No. 37.
[17] D.I. No. 38.
[18] D.I. No. 44.
[19] D.I. No. 44.
[20] D.I. No. 44.
[21] D.I. No. 46.
[22] D.I. No. 48.
[23] D.I. No. 50.
[24] D.I. Nos. 51, 68, 69 and 80.
[25] D.I. No. 83.

Mr. Elad seems to base his recusal argument on (i) his fraud counterclaims and (ii) because the Court has ruled against him on his various motions.

### III. THE MOTION

Mr. Elad filed the Motion on or about July 8, 2022. Mr. Elad contends that I should recuse myself from this action. Mr. Elad lists a series of "grounds" for recusal: (i) Judge Davis is a complicit participation in the fraud perpetrated by BB&T through judicial misconduct and flagrant abuse to empower criminal acts; (ii) Judge Davis is complicit by failing "his Administrative Duties per the U.S. Administrative Procedure Act" as a judge including the failure to follow the U.S. Constitution and due process; (iii) Judge Davis ignored and violate the "'Right to Privacy' addressed in the 1st Amendment, 3rd Amendment, 4th Amendment, 5th Amendment and the 'Liberty' Guarantee of the 14th Amendment of the U.S. Constitution;" and (iv) Judge Davis is directly responsible for damages claimed in Mr. Elad's counterclaim.

Mr. Elad is basically contending that recusal is appropriate here because the Court has entered relief in favor of BB&T despite Mr. Elad's opposition to that relief. As such, I am now a co-conspirator with BB&T and BB&T's actions to foreclose on the Property.

### IV. DISCUSSION

Judicial impartiality is a "fundamental principle of the administration of justice."[26] It is well settled under Delaware law that a judicial officer must recuse himself if "there is a reasonable basis to question his impartiality."[27] This includes situations in which the judge has personal bias or prejudice concerning one of the parties or personal

---

[26] *Jones v. State*, 940 A.2d 1, 17 (Del. 2007); *Home Paramount Pest Control v. Gibbs*, 953 A.2d 219, 222 (Del. 2008).
[27] *Home Paramount Pest Control*, 953 A.2d at 221.

knowledge of disputed evidentiary facts concerning the case.[28]  Further, pursuant to Rule 2.11(A) and (A)(4)(a) of the Delaware Judges' Code of Judicial Conduct (2008), a judge has a direct responsibility to avoid participation in proceedings whenever his impartiality might be reasonably questioned, including the instance where the judge (i) served as a lawyer in the matter in controversy, (ii) was a lawyer in a firm at a time when another lawyer in the firm served as a lawyer in the matter in controversy, or (iii) was associated in the practice of law within the preceding year with a law firm or lawyer acting as counsel in the proceeding.[29]

When faced with a potential conflict, the Court—here, the particular judge—is required to engage in a two part analysis.[30]  First, the judge must subjectively determine if he can hear the case free of bias.[31]  Second, even if the judge is satisfied and finds that there is no actual bias, there may be situations where, absent actual bias, the appearance of bias may cause doubt as to the judge's impartiality.[32]  When this occurs, the judge must then objectively determine whether there is an appearance of bias sufficient to cast doubt on his impartiality.[33]  If a judge's decisions or demeanor would cause an objective, reasonable, observer viewing the circumstances to conclude that a fair or impartial hearing is unlikely, then recusal is appropriate.[34]  In other words, the question to be answered is whether an objective observer would entertain reasonable questions about the judge's impartiality, thus warranting recusal.[35]  The totality of the circumstances must be

---

[28] *See State v. Desmond*, 2011 WL 91984, at *5 (Del. Super. Jan. 5, 2011).
[29] *Jones*, 940 A.2d at 17.
[30] *Los v. Los*, 595 A.2d 381 384 (Del. 1991).
[31] *Id*. at 384-85.
[32] *Id*. at 385.
[33] *Id*.
[34] *Fritzinger v. State*, 10 A.3d 603, 611 (Del. 2010); *see also Stevenson v. State*, 782 a.2d 249, 258 (Del. 2001).
[35] *Gattis v. State*, 955 A.2d 1276, 1285 (Del. 2008).

considered to determine whether there are sufficient grounds to doubt the judge's impartiality.[36] However, in the absence of any objective basis for bias, the judge is not obligated to recuse himself from the proceedings.[37] Thus, the judge should carefully consider the decision to recuse himself, and should be convinced that the two previously stated conditions are met.[38]

Also to be taken into consideration is the Delaware Judges' Code of Judicial Conduct Rule 2.7(A). Rule 2.7(A), the "Responsibility to Decide," provides that "[a] judge shall hear and decide matters assigned, unless disqualified."[39] When read with Rule 2.11, a judge has a "duty to sit" unless the judge is genuinely convinced of the need for recusal or disqualification.[40] Hence, the decision to recuse is not one that should be made lightly, "because to do so is contrary to the Delaware Judges' Code of Judicial Conduct and [leaves the] case as one of [the recused or disqualified judge's] colleague's problems to deal with"[41] and unreasonably burdens fellow judges.

In the Motion, Mr. Elad argues that bias exists because the Court has entered relief in favor of BB&T. Mr. Elad contends that the Court must be a co-conspirator because BB&T is a fictious entity and he has never been served or appeared before the Court. Mr. Elad claims that this Judge has hindered his access to justice, denied him due process and otherwise breached my public trust

The Motion fails to satisfy either prong of the *Los v. Los* test. I subjectively have no bias towards Mr. Elad or Ms. Elad. I have had no prior dealings with them. Despite

---

[36] *Fritzinger*, 10 A.3d at 613.
[37] *Desmond*, 2011 WL 91984, at *6 ("a judge's duty to recuse or disqualify is complementary to, but not greater than, his or her baseline duty not to recuse in the absence of any objective basis.").
[38] *Id.*
[39] *Id.*, at *10.
[40] *Id.*
[41] *Id.*

the Motion's unsupported claims, I have no interest in the outcome of this litigation, have no financial interest in BB&T or the Property. I am satisfied that I can proceed to hear this action free of bias or prejudice concerning any of the parties, including Mr. Elad.

Likewise, no reasonable observer could conclude that I am biased against Mr. Elad or Ms. Elad. To the contrary, the procedural history of this case discloses nothing more than this Judge's impartial decisions on the various motions presented during the history of this civil action. The Court has been patient with Mr. Elad despite repetitive filings that, at time, border on being legally frivolous.

Mr. Elad is dissatisfied with this Court's rulings, but this is nothing more than Mr. Elad's subjective (and unsubstantiated) allegations of bias. Accordingly, there is no legitimate basis for disqualification or recusal. The granting of a party's motion to recuse or disqualify in any civil or criminal case, in the absence of a *bona fide* reason for recusal or disqualification, would be "irresponsible"[42] and a dereliction of the judicial duty to hear and decide matters assigned, unless disqualified.[43]

Recently, Mr. Elad submitted counterclaims that name me as a counterclaim defendant. Mr. Elad did not file an answer to BB&T's complaint. Mr. Elad never procedurally sought leave to file these untimely counterclaims, and filed the counterclaims even though he has never answered the complaint.

As the Supreme Court stated in *Los v. Los,* "there is a compelling policy reason for a judge not to disqualify himself [or herself] at the behest of a party who initiates litigation against a judge. In the absence of genuine bias, a litigant should not be

---

[42] *Reeder v. Del. Dept. of Ins.*, 2006 WL 510067, *23 (Del. Ch. Feb. 24, 2006) (citations omitted).
[43] *Desmond*, 2011 WL 91984, at *6.

permitted to 'judge shop' through the disqualification process."[44] The Supreme Court noted that "[t]he orderly administration of justice would be severely hampered by permitting a party to obtain disqualification of a judge through the expedient of filing suit against him [or her]."[45]

This is the situation here. Mr. Elad named me as a counterclaim defendant despite no actual factual support for his claims. Mr. Elad contends BB&T is a fictious entity. BB&T, now known as Truist, is a banking institution with a long corporate history nationally, in South Carolina and North Carolina. Mr. Elad contending that BB&T is fictious does not make it so. In fact, Mr. Elad attempted to renegotiate his loan with BB&T during the Court's mortgage mediation process.[46] Rhetorically, why would Mr. Elad actively engage in an application process with BB&T if he believed BB&T to be a fictious entity.

In addition, Mr. Elad constantly complains that he has not been served or knew that this action was pending. The docket of this action demonstrates that not to be true. Mr. Elad actively participated in the mortgage mediation process of this Court.[47] Notices filed in this case indicate service on Mr. Elad. In addition, Mr. Elad and Ms. Elad filed for bankruptcy relief on the eve of two sheriff's sales.[48] The Court does not consider these filings to be coincidental. Mr. Elad and Ms. Elad filed on the eve of foreclosure knowing that the two sheriff's sales had been noticed and scheduled.

I have considered all the other facts raised in the Motion, or other recent filings by

---

[44] *Los*, 595 A.2d at 385.
[45] *Id*. (citing *Smith v. Smith*, 564 P.2d 1266 (Ariz. 1977)).
[46] D.I. No. 18 ("Borrowers agree to submit a complete application by January 17. Failure to submit an Application will result in a FMR."); D.I. No. 20 ("Lender needs additional time to review Borrowers' Application.").
[47] D.I. Nos. 11, 17, 18, 19, 20, 21 and 22.
[48] D.I. Nos. 37 and 46.

8

Mr. Elad, on this issue and find these do not support an argument that I am biased or prejudiced or have the appearance of bias. I do not believe any objective observer would entertain reasonable questions about my impartiality, thus warranting recusal, on the allegations made by Mr. Elad in the Motion.

## V.    CONCLUSION

For the reasons set out above, the Motion is **DENIED**.

It is so **ORDERED**.

Dated: August 17, 2022
        Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:    File&ServeXpress
       Joseph B. Elad

9