893 P.2d 1301

STATE of Arizona, Appellee,

v.

Damon Craig BAUM, Appellant.

No. 1 CA–CR 93–0557.

Court of Appeals of Arizona,
Division 1, Department D.

April 25, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Appeals Section, and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Law Offices of Wendy F. White, P.C. by Denise E. Shay, Flagstaff, for appellant.

## OPINION

FIDEL, Presiding Judge.

This appeal presents the question whether a trial court may impose a maximum aggravated sentence as a predetermined consequence of violating probation. We hold that the trial court abused its sentencing discretion by punishing defendant for his probationary breaches rather than his crime.

## FACTS AND PROCEDURAL HISTORY

In May 1989 defendant pled guilty to knowingly possessing marijuana for sale, a class 4 felony, committed on February 22, 1985. Sentencing options included probation or prison terms ranging from a maximum five years to a minimum two years. At sentencing in April 1990, a United States Customs agent recommended probation, testifying that for the past year defendant had cooperated with Customs authorities, supply-

ing information that had led to the prosecutions of participants in a smuggling ring.

Before placing defendant on probation, the trial court identified both aggravating and mitigating factors. As an aggravating factor the court found that possession of marijuana for sale poses a substantial threat to the community. As mitigating factors the court found that defendant had cooperated with the authorities and had "stay[ed] out of trouble" for five years. The trial court stated that if defendant were not granted probation, the likely prison term would be the minimum two years. The court found four years of probationary constraint preferable to a two-year prison term from which "[y]ou would be out in one."

There followed three petitions to revoke probation. In the first, in September 1991, the probation officer alleged that defendant had made no payments since January 1991. This petition was later dismissed upon the probation officer's indication that defendant had made "substantial payments on th[e] fees." In a second petition in June 1992, the probation officer alleged that defendant had failed to meet various reporting, counseling, and payment obligations. The trial court reinstated defendant on probation but warned him that a further violation would result in a maximum prison sentence of five years:

I'm going to warn you about something, and this is going to go on the record. If you get violated, if you don't report, if you don't pay ... [i]f you don't comply with these terms, you're going to be violated and I'm going to send you to prison. Do you understand that? ... I'm going to send you to prison for five years.... I'm not going to fool around with the minimum term or the presumptive term.... Any terms and conditions imposed by the Probation Officer ... anything that you signed off on, you violate anything, you come back here and you go to prison for five years, and I want that put in the minute entry.

On November 17, 1992, the probation officer once more petitioned for revocation, alleging that defendant had failed to report a changed address, to report monthly, and to pay fines, court costs, and probation service fees. Defendant admitted these violations but offered circumstantial explanations, including the burden of paying funeral expenses arising from his father's death, the need to travel to Utah to aid and comfort his sons after their grandfather's death, and financial hardship that prevented compliance with the probation officer's directive to relocate in Flagstaff.

The trial court responded:

The Court has previously made findings relative to aggravating factors and mitigating factors. Further aggravating factors are that the Defendant has not complied with the terms and conditions of his probation. The Defendant has not taken this Court seriously in just about anything that the Court has ordered the Defendant to do. The Court is particularly concerned about the fact that the Defendant had to be arrested to be brought back before this Court and that he was, therefore, on technically an absconder status for a period of time.

Weighing all these factors, Mr. Baum, you're going to find out that maybe you don't keep your word, but I do, sir.... The Court finds no mitigating factors to weigh or mitigate against this Defendant serving the full term.

Defendant filed a timely motion for modification of sentence pursuant to Rule 24.3, Arizona Rules of Criminal Procedure, 17 Arizona Revised Statutes Annotated. From the denial of that motion, he appeals. Although defendant raises several issues on appeal, we need address only the validity of the trial court's imposition of a maximum aggravated sentence as a predetermined consequence of a probation violation. The State mistakenly argues that defendant did not preserve this issue for appeal. Defendant expressly argued in his motion for modification that "a sentencing court has a 'constitutional mandate' ... to 'consider both aggravating and mitigating circumstances in order to arrive at a just sentence.'" That argument sufficed to preserve the issue that we address.

## DISCUSSION

A trial court may abuse its broad sentencing discretion by issuing a sentence

that demonstrates "arbitrariness, capriciousness, or failure to conduct an adequate investigation into the facts relevant to sentencing." *State v. Blanton,* 173 Ariz. 517, 519, 844 P.2d 1167, 1169 (App.1993) (citing *State v. Stotts,* 144 Ariz. 72, 87, 695 P.2d 1110, 1125 (1985)). To conduct an adequate investigation, the court must consider all pertinent mitigating and aggravating circumstances. *See State v. Prentiss,* 163 Ariz. 81, 86, 786 P.2d 932, 937 (1989). The trial court failed to do so in this case.

At defendant's August 1992 disposition hearing, the court warned, "you violate [any terms of probation], you come back here and you go to prison for five years." With this statement, the court expressed its intent to sentence defendant to the maximum aggravated term, whatever the nature and circumstances of a future violation, and no matter how those circumstances might weigh in the balance against the aggravating and mitigating circumstances of defendant's crime. When defendant returned, the court sentenced as forewarned.

██ When a trial court revokes probation, it "must impose a sentence because of the original offense; the sentencing court is without authority to impose punishment for violation of probation alone." *State v. Rowe,* 116 Ariz. 283, 284, 569 P.2d 225, 226 (1977). This does not categorically preclude a trial court from treating probationary failure as an aggravating factor; the court may consider "the fact that defendant failed to avail himself of the opportunity to reform." *Id.* But even a probationer's serious criminal activity does not justify a sentence with "so tenuous a connection to the original charge" as to amount to punishment for the violation, not the underlying crime. *State v. Herrera,* 121 Ariz. 12, 15, 588 P.2d 305, 308 (1978).

██ Here the trial court made plain that it was basing its sentence on the violation, not the crime. When first placing defendant on probation, the same court had described mitigating factors as so substantially outweighing aggravating factors as to warrant only a minimum mitigated two year prison term. These mitigating factors included that defendant had already "stay[ed] out of trouble" for five years since his crime and had given substantial cooperation and assistance to Customs authorities and the police.

Defendant proved to be a poor probationer, yet none of his probationary violations entailed illegal acts. The trial court, however, did not take this into account. Nor did it give mitigating weight to the fact that defendant, by the time of sentencing, had avoided illegal behavior for a period of approximately eight years. Nor did the court consider any mitigating circumstances attendant upon defendant's probationary violations. The court did not examine these matters and did not reexamine aggravating and mitigating factors associated with defendant's underlying crime because the court had adopted in advance a fixed sentence that precluded such consideration. According to the trial court's approach, any violation, whether technical or criminal, would trigger a maximum aggravated sentence, no matter how that violation might weigh against other relevant aggravating and mitigating circumstances in the case. This methodology was contrary to law, as it ignored relevant factors and constituted punishment for the violation, not the crime. *See Herrera,* 121 Ariz. at 15, 588 P.2d at 308.

## CONCLUSION

Because the trial court failed to consider all pertinent mitigating and aggravating circumstances, *Prentiss,* 163 Ariz. at 86, 786 P.2d at 937, we vacate defendant's sentence and remand for a new sentencing hearing at which all pertinent factors shall be considered.

GRANT and GERBER, JJ., concur.