NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALEJO ALVAREZ BOJORQUEZ, *Petitioner*.

No. 1 CA-CR 23-0313 PRPC
FILED 1-4-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2019-119395-001
The Honorable Kerstin G. LeMaire, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip Casey Grove, Christine Davis
*Counsel for Respondent*

Robert J. Campos & Associates, P.L.C., Phoenix
By Robert J. Campos
*Counsel for Petitioner*

_____

**MEMORANDUM DECISION**

Judge Daniel J. Kiley delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Jennifer M. Perkins joined.

_____

**K I L E Y**, Judge:

¶1          Alejo Alvarez Bojorquez seeks review of the superior court's summary dismissal of his petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 33.1. For the following reasons, we accept review but deny relief.

### FACTUAL AND PROCEDURAL HISTORY

¶2          In early 2019, Alvarez's three step-granddaughters disclosed that he had touched their breasts and genitals on various occasions from 2004 to 2019, when each was between 11 and 15 years old. Shortly thereafter, the State charged Alvarez with ten felonies: five counts of Molestation of a Child, class 2 felonies (Counts 3, 5 through 7, and 9); one count of Sexual Conduct with a Minor, a class 2 felony (Count 10); two counts of Sexual Abuse of a Minor under 15 years of age, class 3 felonies (Counts 4 and 8); and two counts of Sexual Abuse of a Minor 15 years of age or older, class 5 felonies (Counts 1 and 2). *See* A.R.S. §§ 13-1404, -1405, -1410. Counts 3 through 10 were alleged to be Dangerous Crimes Against Children under A.R.S. § 13-705.

¶3          Alvarez entered a plea agreement with the State in which he pled guilty to three counts of Attempted Molestation of a Child, class 3 felonies (Counts 3, 5, and 9 as amended), each a Dangerous Crime Against Children under A.R.S. § 13-705. The parties stipulated to consecutive lifetime probation terms on Amended Counts 5 and 9 but made no agreements on the sentence that could be imposed on Amended Count 3. The plea agreement also stipulated "to judicial fact finding by preponderance of the evidence as to any aspect or enhancement of sentence."

¶4          The Maricopa County Adult Probation Department's presentence report recommended that the court impose the presumptive term of 10 years' imprisonment on Amended Count 3 due to "the

vulnerable nature of the victims, the defendant's abuse of a position of trust and the presumed harm done to the victims."

¶5 In his sentencing memorandum, Alvarez urged the court to grant him probation on Amended Count 3, asserting that, as "a 69-year-old man" in declining health with "no prior felony convictions," he was "not a threat to the community." Alvarez also urged the court to consider his "remorse" as "a mitigating factor," asserting that he "expressed deep remorse from the onset of this case" and "was truly concerned with how the victims felt." He made clear, however, that "he did not agree with the [victims'] accusations," instead expressing regret "that the victims believed he would purposely hurt them."

¶6 The superior court began the sentencing hearing by noting it had reviewed Alvarez's memorandum, the presentence report, and letters of support submitted on Alvarez's behalf. The court also stated that it had reviewed the results of a polygraph examination that Alvarez submitted for the court's consideration; the polygraph examiner reported no deception in Alvarez's statements denying any form of sexual contact with the victims.

¶7 The State recommended the presumptive term of imprisonment in Amended Count 3, stating that the offenses involved Alvarez's abuse of multiple minor victims, severe harm to the victims, and a violation of his position of trust. The State argued that these aggravating factors outweighed any mitigating factors that the court may find. Two of the victims addressed the court, expressing that Alvarez's actions caused them significant emotional harm and urging the court to sentence him to prison. "He's taken a lot from us individually," one stated, adding, "It's not fair that he gets to live his every day life."

¶8 Defense counsel argued against any incarceration, asserting that Alvarez "accepted full responsibility" by entering the plea agreement and "demonstrated remorse" by "stat[ing] that he was sorry" and "indicating that he never meant any harm to any of his granddaughters." Defense counsel added that other mitigating factors, including Alvarez's advanced age, poor physical health, and lack of any prior felony convictions, outweighed the aggravating factors and warranted giving Alvarez a "chance" by granting him probation. The court also heard from a member of Alvarez's family, who attested to his good character and family support.

¶9 Alvarez then addressed the court, stating, "The only thing that I can say is ask for forgiveness from the girls if things are as they say. I

never thought to touch them in an improper manner. If I did, it was never my intention. It has never been my intention to harm children." Emphasizing that he "never tried to harm" his step-granddaughters, Alvarez concluded by saying, "If I did touch them like they say, I repeat again, I ask for their forgiveness."

¶10          Before pronouncing sentence, the judge referred to her "17 years" of practicing "in juvenile court" and stated:

> One of the things I've learned frequently when it comes to interfamily sexual offenses is that these are generational. And the harm caused echoes one generation after another or, as we see in this case, one sister after another. And I am candidly concerned that there might have been others who have not come forward.

> Candidly, I was considering a mitigated sentence, but it does not appear that [Alvarez] truly understands the repercussions of his inappropriate behavior, criminal behavior with girls at a very tender age and the harm it would cause them, not only to them, but in their inability to have healthy future relationships.

> * * *

> I am very cognizant of the decades of harm that the defendant's action[s] ha[ve] caused.

¶11          The court imposed the presumptive term of 10 years' imprisonment on Amended Count 3, followed by two concurrent lifetime terms of probation on Amended Counts 5 and 9. *See* A.R.S. § 13-902(E).

¶12          Shortly after sentencing, Alvarez moved for resentencing with a new judge or to withdraw from the plea agreement, arguing that the sentencing judge erred by basing her sentencing decision on her "personal worry" that "there might have been others who have not come forward" and her conjecture, "not supported by the record," that Alvarez did not understand "the repercussions of his inappropriate behavior." The State opposed the motion, maintaining that the court acted within its broad discretion in imposing the presumptive sentence on Amended Count 3. The court denied the motion.

¶13          Alvarez filed a timely petition for post-conviction relief ("PCR"), asking that his sentence "be vacated and that he be resentenced

by another judge." In support of his request, he alleged that the court displayed "judicial bias" at sentencing and based its sentencing decision on factors not supported by evidence. The court summarily dismissed the PCR petition, finding no colorable claim for relief. The court specified that it had "carefully reviewed all the materials submitted by the parties" before and during sentencing and found the presumptive term of imprisonment to be both appropriate and within the lawful range of potential sentences. The court added that Alvarez's sentence was "consistent with the recommendations" from the State and presentence report writer. This petition for review followed. We have jurisdiction under A.R.S. §§ 13-4031, -4239(C), and Rule 33.16(a)(1).

## DISCUSSION

**¶14** Alvarez argues that the superior court abused its discretion by summarily dismissing his PCR petition.

**¶15** A defendant raises a colorable claim for relief in a PCR petition, and is therefore entitled to an evidentiary hearing, when "he has alleged facts which, if true, would probably have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 219-20, ¶¶ 10-11 (2016) (emphasis omitted). If the defendant alleges facts that "would not have probably changed the verdict or sentence," the court must summarily dismiss the PCR petition without a hearing. *Id.* at 220, ¶¶ 11-12; *see also* Ariz. R. Crim. P. 33.11(a) ("If . . . the court determines that no . . . claim presents a material issue of fact or law that would entitle the defendant to relief under this rule, the court must summarily dismiss the petition."). Absent an abuse of discretion or error of law, we will not disturb the superior court's ruling on a PCR petition. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

## I. Weighing Aggravating and Mitigating Factors

**¶16** Alvarez asserts that he is entitled to be resentenced because the sentencing court here "did not enumerate the aggravating and mitigating factors on the record and did not balance the aggravating and mitigating factors as required."

**¶17** A sentence within applicable statutory limits will not be disturbed unless the court "fails to conduct an adequate investigation of the facts" or otherwise acts in an "arbitrary [and] capricious" manner. *State v. Webb*, 164 Ariz. 348, 355 (App. 1990). The sentencing court may "consider all evidence and information presented at all stages of the trial, together with all probation and presentence reports, or factors like the general moral character of the defendant." *State v. Suniga*, 145 Ariz. 389, 395 (App. 1985)

(cleaned up). Although the court must consider all evidence that a defendant presents in support of mitigation, the court need not find that a claimed mitigating factor exists merely because the defendant presents evidence to support it. *See State v. Fatty*, 150 Ariz. 587, 592 (App. 1986). Nor must the court make its sentencing decision by comparing "the mere numbers of aggravating or mitigating circumstances." *State v. Willcoxson*, 156 Ariz. 343, 347 (App. 1987). Instead, the court determines the weight to give to each of the aggravating and mitigating factors it finds. *See State v. Van Adams*, 194 Ariz. 408, 421-22, ¶¶48-50 (1999). Moreover, the court is not required to specify which aggravating and mitigating factors apply when it imposes a presumptive sentence. *See State v. Johnson*, 210 Ariz. 438, 441, ¶ 11 n.1 (App. 2005) ("[T]he trial court was not required to specify either aggravating factors or mitigating factors in imposing presumptive sentences . . . .").

¶18 Here, the court reviewed and considered all documents submitted before sentencing, including Alvarez's mitigation materials and the presentence report. The court also heard from several interested parties—including Alvarez, two of the victims, and counsel—before pronouncing sentence. After noting the significant harm he caused the victims and questioning the sincerity of his claim of remorse, the court imposed the presumptive sentence. *See* A.R.S. § 13-705(M). Nothing in the record suggests that the court's decision to impose the presumptive sentence on Amended Count 3 was arbitrary, capricious, or based on an inadequate investigation of the relevant facts. *See Webb*, 164 Ariz. at 354-55.

¶19 In support of his assertion that the court erred in "fail[ing] to enumerate the aggravating and mitigating factors on the record," Alvarez cites *State v. Bonfiglio*, 231 Ariz. 371 (2013), and *State v. Harrison*, 195 Ariz. 1 (1999). Neither case supports his argument.

¶20 In *Bonfiglio*, the superior court imposed an aggravated sentence after identifying both a statutorily-enumerated aggravating factor and a non-enumerated aggravating factor. *See* 231 Ariz. at 372-73, ¶ 3. The Arizona Supreme Court affirmed, holding that although a sentencing court cannot properly impose an "aggravated sentence based solely" on a non-enumerated aggravating factor, the court may properly impose an aggravated sentence based *in part* on a non-enumerated aggravating factor "as long as" it *also* finds a "specifically enumerated aggravating factor." *Id.* at 373-74, ¶¶ 9-11.

¶21 In *Harrison*, the superior court imposed an aggravated prison term without clearly articulating the aggravating circumstances it found.

*See* 195 Ariz. at 2-3, ¶¶ 4-7. The Arizona Supreme Court remanded for resentencing, holding that "[A.R.S.] § 13-702 requires the judge to tell the victim, the defendant, the appellate court, and the public what he or she considered as aggravation and mitigation *and why he or she imposed an aggravated or mitigated sentence*." *Id.* at 4-5, ¶¶ 11, 17 (emphasis added).

**¶22**        *Bonfiglio* and *Harrison* address the findings that a court must make when imposing an aggravated sentence. Nothing in either of those cases conflicts with or undermines the well-established rule that when, as here, "the presumptive sentence is imposed, no findings as to aggravation or mitigation are required." *State v. Wideman*, 165 Ariz. 364, 370 (App. 1990) (citing *State v. Bly*, 127 Ariz. 370, 373 (1980)).

**¶23**        At oral argument, Alvarez asserted, for the first time, that the 10-year prison term the court imposed on Amended Count 3 amounts to an aggravated sentence because the court could have placed him on probation instead. Noting that the parties reached no sentencing agreements on Amended Count 3, Alvarez contends that incarcerating a probation-eligible defendant is tantamount to imposing an aggravated sentence.

**¶24**        Alvarez did not raise this argument in his PCR petition, and so cannot raise it for the first time now. *See* Ariz. R. Crim. P. 33.16(a)(1), (c)(2)(B) (stating that a petition for review of "the trial court's final decision on a [PCR] petition" must contain, *inter alia*, "a statement of issues the trial court decided that the defendant is presenting for appellate review"); *see also State v. Vera*, 235 Ariz. 571, 573, ¶ 8 (App. 2014) ("[W]e ordinarily do not consider issues on review that have not been considered and decided by the trial court; this is particularly true when we are reviewing a court's decision to grant or deny post-conviction relief . . . .").

**¶25**        In any event, Alvarez's argument that probation should be treated as the presumptive disposition upon conviction for a probation-eligible offense is premised on the misapprehension that probation is part of the range of sentence that may be imposed in a given case. A grant of probation is not a sentence but the suspension of sentence, *Pickett v. Boykin*, 118 Ariz. 261, 262 (1978), and so the imposition of a prison term in lieu of probation does not constitute the aggravation of a sentence, *see also State v. Hernandez*, 231 Ariz. 353, 355-57, ¶¶ 5, 10 (App. 2013) (rejecting defendant's challenge to court's decision to impose prison sentence instead of granting probation and noting that probation is "the suspension of sentence" that may be granted in the discretion of the superior court as "a sentencing alternative") (citation omitted).

**¶26** Because Alvarez's PCR petition failed to set forth facts that, if true, would show that the court improperly weighed aggravating and mitigating factors when it imposed the presumptive sentence, the court did not abuse its discretion by summarily dismissing this claim. *See Amaral*, 239 Ariz. at 220, ¶ 11.

## II. Lack of Remorse

**¶27** Alvarez asserts that he is entitled to be resentenced because the sentencing judge improperly "punished" him "for his alleged lack of remorse." "[E]ven if [he] was not truly sorry" and "still maintained" his innocence, Alvarez argues, "the sentencing court could . . . not hold these sentiments against [him]."

**¶28** A court may not consider a defendant's lack of remorse as an aggravating factor. *State v. Trujillo*, 227 Ariz. 314, 317-18, ¶¶ 12, 15 (App. 2011). A defendant's remorse may, however, be a mitigating factor, provided, of course, that the court is "persuaded" that the defendant is indeed remorseful. *State v. Calderon*, 171 Ariz. 12, 14 (App. 1991). On review, this Court defers to the sentencing court's determination of the defendant's "sincerity" in expressing remorse because that court is "in a far better position . . . to evaluate [the defendant's] demeanor." *State v. Sasak*, 178 Ariz. 182, 189 (App. 1993); *see also Fatty*, 150 Ariz. at 592 (rejecting argument that sentencing court "gave insufficient consideration" to defendant's remorse and noting that "the trial court is in the best position to consider whether or not expressed remorse is sincere").

**¶29** Although Alvarez professed remorse, he persistently maintained that he did not agree with the victims' allegations and denied intending "to touch [them] in an improper manner." He couched his apology in conditional terms, "ask[ing] for forgiveness from the girls *if things are as they say*." (Emphasis added.) Further, notwithstanding his guilty pleas, he submitted favorable polygraph results to the court in an apparent effort to bolster his claim of innocence. The sentencing court thus acted within its discretion in finding Alvarez's claim of remorse insufficient to justify imposing a sentence less than the presumptive. *See also State v. Molina*, 211 Ariz. 130, 138, ¶ 31 (App. 2005) (finding defendant's statements denying participating in assault on victim and claiming to feel "like a victim because he was 'not guilty'" constituted "reasonable evidence" from which the sentencing court "could conclude that [defendant] lacked remorse for his criminal actions").

**¶30**  Alvarez argues that the court not only erred in failing to find remorse as a mitigating factor but "impermissibly considered" his lack of remorse "as an aggravating factor." Nothing but speculation supports this assertion, and appellate courts "are unwilling to speculate as a basis for reversal." *State v. Carlson*, 202 Ariz. 570, 580, ¶ 33 (2002). And even if we were willing to assume, despite the absence of support in the record, that the court improperly found Alvarez's lack of remorse to be an aggravating factor, any alleged error in finding aggravating factors entitles the defendant to no relief when, as here, the court does not impose an aggravated sentence. *See Bly*, 127 Ariz. at 373. The superior court did not abuse its discretion by summarily dismissing this claim for relief.

## III. Judicial Bias

**¶31**  Alvarez argues that he is entitled to resentencing because the judge exhibited "serious bias against [him]" by basing her sentencing decision "on her personal experience" instead of "on the facts presented." In support of this assertion, he cites the judge's reference to her "17 years of experience" practicing juvenile law and her comment about other potential victims "who have yet to come forward."

**¶32**  "Judicial officers are presumed to be free from bias or prejudice." *Costa v. Mackey*, 227 Ariz. 565, 571, ¶ 12 (App. 2011). To rebut this presumption, the party seeking a judge's disqualification or recusal "must prove bias or prejudice by a preponderance of the evidence." *State v. Carver*, 160 Ariz. 167, 172 (1989). "Bias or prejudice means a hostile feeling, ill will, undue friendship, or favoritism towards one of the litigants." *Id.* "Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or a deep-seated favoritism." *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013); *see also Smith v. Smith*, 115 Ariz. 299, 303 (App. 1977) ("[T]he bias and prejudice necessary to disqualify a judge must arise from an extra-judicial source and not from what the judge has done in his [or her] participation in the case."). Likewise, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "Thus, judicial remarks . . . that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.*; *see also In re Guardianship of Styer*, 24 Ariz. App. 148, 151 (1975) ("The fact that a judge may have an opinion as to the

merits of the cause or a strong feeling about the type of litigation involved, does not make the judge biased or prejudiced.").

**¶33**        Alvarez did not establish, and the record does not show, that the judge exhibited bias or prejudice at sentencing. The presentence report recommended the presumptive sentence, as did the prosecutor. The victims spoke in opposition of Alvarez's request to be placed on probation. The judge reviewed all relevant sentencing materials, listened to statements from the parties, and lawfully imposed the presumptive sentence. The fact that the judge decided to impose a term of imprisonment rather than probation does not indicate a deep-seated antagonism toward Alvarez. *See Liteky*, 510 U.S. at 555. Nor does the judge's reference to her professional experience with cases involving interfamily sexual abuse establish bias, since judicial comments about the nature of the charged offense do not establish bias toward the defendant. *See State v. Menard*, 135 Ariz. 385, 386-87 (App. 1982) (rejecting convicted arsonist's claim that "the trial judge should have disqualified himself from sentencing" after "express[ing] strong feelings regarding arson and the threat the crime poses" and reasoning that "[t]he trial court's remarks were directed solely to the type of litigation involved and were not illustrative of any bias the trial court had toward appellant"). To the extent Alvarez is suggesting that he was entitled to be sentenced by a judge with no relevant professional experience, we find no basis for this suggestion. *See, e.g.*, *Barclay v. Florida*, 463 U.S. 939, 948-50 (1983) (rejecting defendant's challenge to sentence imposed by judge who noted "his own experiences" in "explaining his sentencing decision" and reasoning that "[i]t is neither possible nor desirable for a person to whom the state entrusts an important judgment to decide in a vacuum, as if he had no experiences").

**¶34**        In support of his challenge to the sentencing judge's impartiality, Alvarez cites *State v. Baum*, 182 Ariz. 138 (App. 1995). In *Baum*, the superior court found Baum had violated the terms of his probation by failing to meet his reporting and payment obligations. *Id.* at 139. The judge reinstated Baum on probation but warned that it would impose the "maximum prison sentence" if he committed "a further violation." *Id.* When Baum again violated his reporting and payment obligations, the court revoked his probation and imposed the maximum prison sentence, telling him, "[M]aybe you don't keep your word, but I do, sir." *Id.* On appeal, we held that the superior court erred by determining Baum's sentence "in advance" instead of considering the relevant aggravating and mitigating factors. *Id.* at 140. We reasoned that the court applied a "methodology" that "was contrary to law" by carrying out its "expressed . . . intent to sentence [Baum] to the maximum aggravated term" upon his

next violation of the terms of his probation, without "consider[ing] all pertinent mitigating and aggravating circumstances." *Id.*

¶35      *Baum* is wholly inapposite. Nothing in the record suggests that the court here made up its mind in advance about the sentence to impose. On the contrary, the court expressly stated that it had initially considered imposing a mitigated sentence but changed its mind based on the information presented at the sentencing hearing. Nothing in *Baum* entitles Alvarez to relief here.

## CONCLUSION

¶36      Because Alvarez's PCR petition failed to allege facts which, if true, would entitle him to be resentenced, the court did not abuse its discretion in summarily dismissing the petition. Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA